ORDERED.

**Dated:  February 05, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Smart Communications Holding, Inc.,

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

Smart Communications Collier, Inc.,

Debtors.
_____/

### ORDER SCHEDULING TRIAL AND REESTABLISHING
### DEADLINES ON CREDITOR JANICE LOGAN'S MOTIONS TO DISMISS

**THIS CASE** was considered at a status conference on January 15, 2026, at 9:30 a.m. (the "Hearing"), set by the Court's *Order Granting Agreed Motion to Continue Trial Scheduled for January 15, 2025* (Doc. 59) (the "Order"). As provided by the Order, the Court, after discussion with the parties at the Hearing, reset the trial on the Emergency Motion to Dismiss (Doc. 10) the case of Debtor Smart Communications Holding, Inc. (the "Motion to Dismiss SC Holding"), filed by Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Logan Trust"), for March 27, 2026, at 9:30 a.m. (the "Continued Trial").[1]

---

[1] Trial on the Motion to Dismiss SC Holding was initially paired with a trial on the Logan Trust's Emergency Motion for Relief from Automatic Stay and Request for Comfort Order as to Claims Against Non-Debtors (Doc. 8) (the "Stay Motion"). The Stay Motion has since been resolved.

Shortly after the Hearing, the Logan Trust filed a Motion to Dismiss (Doc. 98) the case of Debtor Smart Communications Collier, Inc. (the "Motion to Dismiss SC Collier") (together with the Motion to Dismiss SC Holding, the "Motions to Dismiss"). The Motion to Dismiss SC Collier was inadvertently set for preliminary hearing at the same time as the Continued Trial when it should have been set for joint trial.

This Order sets the joint trial on the Motions to Dismiss and re-establishes deadlines that will govern matters moving forward. Due to the expedited scheduling requested by the parties, the Court finds it is appropriate to maintain the previously ordered abbreviated discovery deadlines. This Order further makes it explicit that the parties are to not only exchange their witness lists but also to file them of record. It is therefore

**ORDERED:**

1.      **Trial.** Trial on the Motions to Dismiss (Docs. 10 & 98) is scheduled for **March 27, 2026**, at **9:30 a.m.** in Courtroom 8A, Sam M. Gibbons U.S. Courthouse, 801 N. Florida Ave., Tampa, Florida. The trial will be **in person**, and the Court has reserved **one day** for trial.

2.      **Witness Lists**. The parties shall exchange and filed names and addresses of witnesses within **7 days after entry of this Order**. The parties are not precluded, however, from supplementing their witness lists as dictated by ongoing discovery. Final witness lists shall be filed by no later than **seven (7) days prior to trial.**

3.      **Discovery Period**. The parties shall complete discovery by no later than **seven (7) days prior to trial**, except that the parties may complete previously scheduled depositions up to the trial date. The deadline for responding to written discovery requests shall be reduced to fourteen (14) days from the date of service of the discovery request. Depositions may be set on five business days' notice.

4.      **Discovery Disputes.** In the event of a discovery dispute, the parties shall first meet and confer in good faith to resolve the matter. This means that the parties must strictly comply with the guidelines set forth on my page on the Court's website: www.flmb.uscourts.gov/judges/colton/documents/MeetandConferGuidlines.pdf.

5.      **Exhibits.** The parties shall prepare exhibits in compliance with Local Rule 9070-1 and shall exchange and file exhibits no later than **seven (7) days prior to trial.** Objections to the admission of any exhibit on the ground that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Federal Rule of Evidence 803(6) must be filed in writing no later than **two (2) business days prior to trial**, or they shall be deemed waived.

6.      **Joint Stipulation of Undisputed Facts.** The parties shall meet in person or by Zoom to prepare and file a joint stipulation of undisputed facts and stipulated exhibits no later than **seven (7) days prior to trial.**

Attorney Edward J. Peterson is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three (3) days of entry of this Order.