ORDERED.

Dated: February 13, 2026

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

    Debtors
_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

**ORDER GRANTING RENEWED APPLICATION TO EMPLOY EYAL BERGER, ESQ., DUSTIN HILLSLEY, ESQ., AND THE LAW FIRM OF AKERMAN LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS-IN-POSSESSION IN THE STATE COURT ACTION EFFECTIVE AS OF DECEMBER 16, 2025**

**THIS CAUSE** came before the Court for consideration without hearing upon the *Renewed Application to Employ Eyal Berger, Esq., Dustin Hillsley, Esq., and the Law Firm of Akerman LLP as Special Litigation Counsel to the Debtors-in-Possession in the State Court Action Effective as of December 16, 2025* [ECF No. 89] (the "Application").

The Court having, reviewed the Application, noting that it was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service, noted that no party filed a response within the time permitted, and therefore considering the matter to be unopposed. The Court also, finding that good, adequate and sufficient cause has been shown to justify the entry of this Order;

and the Court having reviewed the Application and the Declaration of Eyal Berger, Esq. [ECF No. 89 p. 14] (the "Berger Declaration"); and the Court being satisfied based on the representations made in the Application and the Berger Declaration that (a) Berger and Akerman do not hold or represent an interest adverse to the Debtors' estate, and (b) Akerman is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(e) of the Bankruptcy Code; and due and proper notice of the Application having been provided, it is

**ORDERED** as follows:

1. The Application is APPROVED, effective as of December 16, 2025.

2. The Debtors are authorized to employ and retain Eyal Berger, Esq., Dustin Hillsley, Esq., and the Law Firm of Akerman LLP as its Special Litigation Counsel in the State Court Action pursuant to 11 U.S.C. § 327(e), in accordance with the terms and conditions set forth in the Application.

3. Akerman is authorized to render professional services to the Debtors as described in the Application.

4. Akerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Middle District of Florida and any other applicable procedures and orders of the Court.

5. If no objections are filed with 14 days of the date of this Order, this Order shall become final.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*\*\*\**

*Eric D. Jacobs, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*