UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

    Debtors.

_____/

SMART COMMUNICATIONS HOLDING, INC.,

    Applicable Debtor.

_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

Case No. 8:25-bk-09473-RCT

**DEBTOR'S MOTION TO ASSUME EXECUTORY
<u>CONTRACT WITH THE COUNTY OF SAN MATEO</u>**

---

**NOTICE OF OPPORTUNITY TO
<u>OBJECT AND REQUEST FOR HEARING</u>**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice of hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Debtor, SMART COMMUNICATIONS HOLDING, INC. ("<u>Smart Holding</u>"), by and through undersigned counsel and pursuant to Sections 105, and 365 of Title 11 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>"), and Fed. R. Bankr. P. 6006, moves for entry

of an order authorizing Smart Holding to assume the executory contract, by and between itself and the County of San Mateo (the "County"). In support of this Motion, Smart Holding states as follows:

## BACKGROUND

1. On December 16, 2025 (the "Petition Date"), Smart Holding filed a voluntary petition for relief under Chapter 11, subchapter V, of Title 11 of the United States Code (the "Bankruptcy Code"). On January 8, 2026, Smart Holding filed an Amended Petition to remove the subchapter V designation. *See ECF No. 51.*

2. On January 8, 2026, Smart Communications Collier, Inc. ("Smart Collier") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See Case No. 8:26-bk-00146-RCT.*

3. On January 12, 2026, upon the motions of Smart Holding and Smart Collier (together, the "Debtors"), this Court entered the Order Granting Debtor's Motion for Joint Administration [Holding ECF No. 61 and Collier ECF No. 20], jointly administering these chapter 11 cases under Lead Case No. 8:25-bk-09473-RCT.

4. The Debtors are managing their affairs as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. Prior to the Petition Date, Smart Holding's long-time customer, the County of San Mateo (the "County"), and Christina Corpus, in her official capacity as Sheriff of San Mateo County ("Sheriff Corpus" together with the County, the "County Defendants"), were named in a lawsuit filed by A.B.O. Comix and others similarly situated, relating to certain services Smart Holding provides to the County, styled *Comix, et al. v. County of San Mateo, et al.*, pending in San Mateo Superior Court of California, bearing Case Nos. 23-CIV-01075 (the "California

Action").

6.      At this time, Smart Holding is not a named defendant in the California Action; however, pursuant to an executory contract dated September 1, 2021, as amended, between the County and Smart Holding, Smart Holding is obligated to provide for indemnity and defense of the County Defendants in the California Action and any similar claim at Smart Holding's sole expense. A copy of the Agreement Between the County of San Mateo and Smart Communications Holding, Inc. (the "Agreement") is attached hereto as **Exhibit 1**. A copy of Amendment One to Agreement Between the County of San Mateo and Smart Communications Holding, Inc. (the "Amendment" together with the Agreement, the "Contract") is attached hereto as **Exhibit 2**.

7.      Bartko Pavia LLP ("Bartko") is currently counsel for the County Defendants in the California Action. In connection with its indemnity obligations, Smart Holding has, separately, sought to employ Bartko as special litigation counsel for the County Defendants in the California Action pursuant to the terms of the Contract and Amendment.

## RELIEF REQUESTED

8.      Through this Motion, Smart Holding seeks authority from the Court to assume the Contract pursuant to Section 365(a) of the Bankruptcy Code.

### I.   The Contract with the County

9.      Assumption of the Contract is in the best interest of the estate. By virtue of the Contract, Smart Holding has secured the exclusive right and license to install, maintain, and operate certain inmate communications services and related hardware and software, and to provide associated services within the correctional centers of the County of San Mateo. The Debtors derive ongoing operational revenue pursuant to the terms of the Contract, which remains

3

in effect through August 31, 2026. While the Debtors' investment in this account has been substantial due to the indemnity obligation for the California Action, the vast majority of that work has been completed with a single issue set for trial in April 2026. Following the conclusion of this obligation, the Debtors will be able to start recouping their investments under the Contract. Given the current Contract end date, the Debtors anticipate a new RFP for the subject services to issue imminently, and fulfilling this obligation to its conclusion will position the Debtors much more positively for a bid.  On the other hand, repudiating its Contract on the eve of trial will effectively forfeit any opportunity to bid on the new RFP, which would be more profitable for the Debtors as there would likely be minimal additional investment required for a new award given the completed install of equipment and services in connection with the current Contract. Continuing to properly perform under the Contract will also assist in the Debtors in acquiring new contracts post-petition, particularly from agencies in the surrounding area who are monitoring the California Action closely (which has challenged the constitutionality of an important service provided by Smart Holding). Smart Holding expects a positive result following the California Action that will reinforce and validate the propriety of its services in the State of California.

10.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Sharon Steel Corp. v. Nat'l Fule Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988) ("Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor.

Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule.").

11.     Courts generally do not second guess a debtor's business judgment concerning the assumption of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir. 1985); *In re Health Science Products, Inc.*, 191 B.R. 895 (Bankr. N.D. Ala. 1995) ("The issue thereby presented for determination by the bankruptcy court is whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice").

12.     The right of a debtor-in-possession to assume unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to supplement its financial responsibilities to the bankruptcy estate. Smart Holding has concluded that the Contract is necessary for an effective reorganization and that continued performance under the Contract would not constitute an unnecessary drain upon the financial resources of Smart Holding without any corresponding benefit to its bankruptcy estate. Accordingly, Smart Holding submits that the assumption of the Contract comports with the requirements of Section 365(a) of the Bankruptcy Code and satisfied the business judgment rule.

13.     Smart Holding submits that the relief requested in this Motion is in the best interest of the estate as it will provide ongoing capital Smart Holding needs to operate its business and generate revenue for the benefit of its creditors, as well as confirm the propriety of its service offerings in the State of California in a litigation being closely monitored by other correctional agencies in the state.

**WHEREFORE,** Smart Holding respectfully requests entry of an order (i) granting this Motion, (ii) authorizing Smart Holding's assumption of the Contract, and (iii) awarding such further relief as this Court may deem just and proper.

DATED: February 25, 2026.

<div style="margin-left:40%">

**VENABLE LLP**
*Attorneys for Smart Communications Holding, Inc.*
*and Smart Communications Collier, Inc.*

 /s/ Eric D. Jacobs
Paul J. Battista, Esq.
Florida Bar No. 884162
801 Brickell Avenue, Suite 1500
Miami, Florida 33131
Phone: 305.349.2300
Email: pjbattista@Venable.com

- and -

Eric D. Jacobs, Esq.
Florida Bar No. 85992
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
Phone: 813.439.3100
Email: ejacobs@Venable.com

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 25, 2026, a true and correct copy of the foregoing document has been furnished via electronic mail by virtue of the Court's CM/ECF System to all parties registered to receive notice in this action and via First Class U.S. Mail to:

| | |
|---|---|
| County of San Mateo | Smart Communications Holding, Inc. |
| Attn: Veronica Ruiz, Management Analyst | 10491 72nnd Street |
| 400 County Center, 3rd Floor | Seminole, FL 33777 |
| Redwood City, CA 94063 | |

By:   /s/ Eric D. Jacobs
           Eric D. Jacobs, Esq.

6