**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:                                                      Chapter 11

SMART COMMUNICATIONS HOLDING, INC.   Case No. 8:25-bk-09473

                                                            *Jointly Administered with*
SMART COMMUNICATIONS COLLIER, INC.   Case No. 8:26-bk-00146

**Debtors.**

_____/

**CREDITOR JANICE LOGAN'S RESPONSE IN**
**OPPOSITION TO THE DEBTOR'S MOTION TO ASSUME**
**EXECUTORY CONTRACT WITH THE COUNTY OF SAN MATEO**

Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021

("Janice"), and as former 50% shareholder of Smart Communications Holding, Inc. ("Smart FL"),

by and through undersigned counsel, hereby files this Response in Opposition (the "Response") to

the Debtor's Motion to Assume Executory Contract with the County of San Mateo (the "Motion")

[ECF No. 131] and in support states as follows:

1.      When considering a request to assume or reject an executory contract pursuant to

11 U.S.C. § 365, under the business judgment rule under which the "court should bestow a

'perfunctory approval' upon a debtor's decision to assume or reject an executory contract and

'should only withhold [its] approval when the debtor's judgment is clearly erroneous, too

speculative, or contrary to the provisions of the Bankruptcy Code." *Id.* (alteration in the original)

(internal quotation marks and citation omitted). *In re Summit II, LLC*, 651 B.R. 829, 838 (Bankr.

M.D. Fla. 2023) (Colton, J.).

2.      A "debtor bears a threshold burden 'to produce credible evidence that [its] decision to assume or reject would benefit the estate or result in a successful reorganization.'" *Id.*; *see In re Chira*, 367 B.R. 888, 898 (S.D. Fla. 2007) ("Under the 'business judgment rule,' assumption is appropriate if the trustee can demonstrate that it will benefit the estate."). As part of the business judgment test, a court "must include consideration of the effects that assumption would have one the debtor; the implications for the lessor; the benefit or detriment to unsecured creditors; and the significance of the [contract] to the debtor's reorganization." *In re Gateway Apparel, Inc.*, 210 B.R. 567, 570 (Bankr. E.D. Mo. 1997); *see In re Washington Cap. Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993) ("the court must not only consider the impact on the other party to the [contract] but also potential detriment to unsecured creditors who would be subordinated to the payment of damages resulting from any postassumption breaches."). If the debtor meets its burden demonstrating a benefit to the estate, then the burden shifts to objecting party "to show that the debtor's decision 'derives from bad faith, whim, or caprice.'" *In re Summit II, LLC*, 651 B.R. at 838–39.

3.      In the Motion, Smart FL fails to adequately demonstrate that the Contract will benefit the estate to support its request to assume the Contract. Smart FL acknowledges that the Contract requires it to provide indemnity and defense to certain parties in a lawsuit that is set for trial in April 2026, but does not provide any estimate about the potential cost of that obligation. Nor does Smart FL provide an estimate for the revenue or profit it would receive between now and the August 31, 2026 expiration of the Contract.

4.      While the Motion asserts that assuming the Contract will position the Debtors to make a positive bid for a new contract after the expiration of the current Contract, receiving a new contract to continue providing the services is not guaranteed even if the current Contract is

2

assumed. Nor is the Debtors' expectation of a positive result from the trial evidence of benefit to the estate, as this expectation is not supported by any facts or evidence to demonstrate how probable the positive outcome may be.

5.    The Debtors in this case have not yet filed a chapter 11 plan or disclosure statement, or otherwise explained their long-term business plans that would allow the Court or other interested parties to determine whether this Contract would provide an actual benefit to the estate in support of the Debtors' ongoing business.  Moreover, if the Debtors assume the Contract at this early juncture and later determine that it is not providing the anticipated benefit, the counterparty will be entitled to an administrative claim that will have priority over the Debtors' unsecured creditors.

6.    For these reasons, Janice requests that the Court deny the Motion as premature. *See In re Gateway Apparel, Inc.*, 210 B.R. at 570 ("Prior to the formation of a long-term business plan, and in the absence of a showing of a unique benefit to the estate, the less than orderly assumption of unexpired leases is not consistent with the concept of a debtor's best business judgment."); *In re HM Bowness*, 89 B.R. 238, 241 (Bankr. M.D. Fla. 1988) (denying a debtor's request to reject an unexpired lease because the "debtor has failed to produce any credible evidence that rejection would benefit the estate or result in a successful reorganization").

7.    Alternatively, Janice requests that the Court abate consideration of the Motion until after the hearing on confirmation of the Debtors' plan.

**WHEREFORE**, Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021, respectfully requests that this Court deny the Motion and Grant such further relief as this Court deems just and appropriate.

DATED:  March 17, 2026.          /s/  *Edward J. Peterson*

Edward J. Peterson
Florida Bar No. 14612
BERGER SINGERMAN, LLP
101 E Kennedy Blvd Ste 1165
Tampa, Florida 33602
Telephone:  (813) 498-3400
Email: epeterson@bergersingerman.com
***Attorney for Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021***


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on March 17, 2026, by the Court's CM/ECF system to all parties receiving electronic noticing as noted below, and by regular U.S. Mail to the 20 Largest Creditors on the attached list.

John A Anthony on behalf of Creditor Melvin Engelke
janthony@anthonyandpartners.com,
efilings@anthonyandpartners.com;cfosdick@anthonyandpartners.com;eleith@anthonyandpartners.com

Paul J Battista on behalf of Debtor Smart Communications Collier, Inc.
pjbattista@venable.com,
cascavone@venable.com;IMalcolm@venable.com;jnunez@venable.com;hburke@venable.com

Eyal Berger on behalf of Debtor Smart Communications Holding, Inc.
eyal.berger@akerman.com,  jeanette.martinezgoldberg@akerman.com

Teresa Marie Dorr on behalf of U.S. Trustee United States Trustee - TPA
teresa.dorr@usdoj.gov,
brandy.gasaway@usdoj.gov;Dionne.Rumper@usdoj.gov;Juanita.Diaz@usdoj.gov

Eric D Jacobs on behalf of Debtor Smart Communications Collier, Inc.
edjacobs@venable.com,
btraina@venable.com;bmtraina@venable.com;bmtraina@ecf.courtdrive.com;ipm
alcolm@venable.com;tmpetrie@venable.com;imalcolm@ecf.courtdrive.com;brha
nd@venable.com

John W Landkammer on behalf of Creditor Melvin Engelke
jlandkammer@anthonyandpartners.com,
efilings@anthonyandpartners.com,crodriguez@anthonyandpartners.com

Marc L. Levine on behalf of Creditor Janice Logan
mlevine@bergersingerman.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Megan Wilson Murray on behalf of Creditor Swank Motion Pictures, Inc.
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@un
derwoodmurray.com;vburbano@underwoodmurray.com;jpatterson@underwood
murray.com

David Edward Schoenfeld on behalf of Creditor Janice Logan
docket@shb.com, docket@shb.com

R Scott Shuker on behalf of Creditor Jon Logan
rshuker@shukerdorris.com,
mfranklin@shukerdorris.com;lstricker@shukerdorris.com;mdorris@shukerdorris.
com;atillman@shukerdorris.com;wtownsend@shukerdorris.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV


                              s/  *Edward J. Peterson*

                         Edward J. Peterson

5