ORDERED.

**Dated:  April 03, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:25-bk-09473-RCT |
| SMART COMMUNICATIONS COLLIER, INC., | *Jointly Administered with* Case No. 8:26-bk-00146-RCT |
| Debtors. | |
| _____/ | |

**ORDER GRANTING, ON A FINAL BASIS, DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY AND RETAIN JOSEPH J. LUZINSKI AS CHIEF RESTRUCTURING OFFICER AND OTHER PERSONNEL AT DEVELOPMENT SPECIALISTS, INC. TO PROVIDE ADVISORY SERVICES EFFECTIVE AS OF JANUARY 8, 2026**

**THIS MATTER** came before the Court for a continued hearing on March 27, 2026, at 9:30 A.M., upon the (1) *Debtors' Emergency Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authority to Employ and Retain Joseph J. Luzinski as Chief Restructuring Officer and Other Personnel at Development Specialists, Inc. to Provide Advisory Services Effective as of January 8, 2026* (the "Motion") [ECF No. 70] filed by Smart Communications Holding, Inc. and Smart Communications Collier, Inc. (together, the "Debtors"), and (2) *Objection to Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authority to Employ and Retain Joseph J. Luzinski as Chief Restructuring Officer and Other Personnel at Development Specialists, Inc. to Provide Advisory Services Effective as of January 8, 2026* (the "Objection")

[ECF No. 99] filed by Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Trust"), which was withdrawn on the record at the hearing.

The Motion seeks entry of an order authorizing the retention of Joseph J. Luzinski ("Luzinski") as the Debtors' chief restructuring officer (the "CRO") effective as of the January 8, 2026 and for Development Specialists, Inc. ("DSI") to provide certain personnel to provide advisory services to support the CRO in the exercise of his duties in these Chapter 11 cases upon the terms and conditions set forth in the Engagement Letter attached as **Exhibit "B"** to the Motion. Following an initial hearing on February 19, 2026, this Court entered the *Interim Order Granting Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authority to Employ and Retain Joseph J. Luzinski as Chief Restructuring Officer and Other Personnel at Development Specialists, Inc. to Provide Advisory Services Effective as of January 8, 2026* [ECF No. 135] (the "Interim Order"), granting the Motion on an interim basis effective as of January 8, 2026.

Upon the Motion,[1] the Luzinski Declaration attached as **Exhibit "A"** to the Motion; and it appearing that neither DSI nor Luzinski holds nor represents any interest adverse to the Debtors' estate; and this Court having jurisdiction to consider the Motion and the relief requested herein pursuant to 28 U.S.C §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceedings pursuant to 28 U.S.C § 1357(b); and venue being property before this Court pursuant 28 U.S.C §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other and further notice is necessary; and the relief requested in the Motion being in the best interest of the Debtors, the estate and creditors; and this Court having reviewed the Motion and the Objection, having heard the arguments in support of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the relief requested therein, and noting that the Trust withdrew the Objection at the hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief approved herein; and upon all of the proceedings had before this Court and after due deliberation thereon; and good and sufficient cause appearing , it is

**ORDERED** that:

1. The Motion is GRANTED, on a final basis, *nunc pro tunc* to January 8, 2026.

2. The Debtors are authorized, pursuant to 11 U.S.C. §§ 105(a) and 363(b), *nunc pro tunc* to January 8, 2026, to engage Joseph J. Luzinski as the Debtors' chief restructuring officer, together with such other personnel from DSI to provide advisory services to the CRO, upon the terms and conditions contained in the Engagement Letter.

3. Pursuant to the Motion, the Engagement Letter and this Order, Joseph J. Luzinski shall have the full authority to act for and on behalf of the Debtors in all aspects of the Debtors' businesses and their assets, and any and all creditors, parties in interest and/or other persons or entities with notice of this Order shall be authorized to deal with the Debtors through Luzinski as the Debtors' chief restructuring officer.

4. DSI shall be compensated as set forth in the Engagement Letter at the current hourly billing rates for the proposed consultants as follows:

| | |
|---|---|
| Joseph J. Luzinski | $795.00/hr. |
| George E. Shoup, Jr. | $595.00/hr. |
| Salvatore C. Arena | $275.00/hr. |
| | |
| Senior Managing Directors | $595 to $865/hr. |
| Directors/Managing Directors | $350 to $575/hr. |
| Associates | $195 to $345/hr. |

3

5.      The CRO and DSI shall be required to: (i) maintain contemporaneous time records in tenth of an hour increments; and (ii) provide or conform to any schedule of hourly rates. Requests for reimbursement of expenses shall be in accordance with the Guidelines of this Court and the Office of the United States Trustee.  Compensation will be determined later in accordance with 11 U.S.C. § 330 and the hourly rate is not guaranteed and is subject to review.

6.      The CRO and DSI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines for Fee Applications and the orders of this Court.

7.      The CRO and DSI and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned case, but is authorized to market and seek to sell the Debtors' assets.

8.      In the event the Debtors seeks to have DSI personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of  personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

9.      No principal, employee or independent contractor of DSI and its affiliates shall serve as a director of the Debtors during the pendency of the cases.

10.     Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry

of this Interim Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

11.     For a period of three years after the conclusion of the engagement, neither the CRO, DSI nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtor.

12.     The CRO and DSI shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, its creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

13.     The Debtors shall indemnify and hold harmless the CRO and the certain personnel engaged to provide advisory services to support the CRO in the exercise of his duties to the extent as the most favorable indemnification it extends to the members of its Board of Managers and no reduction or termination in any of the benefits provided under any such indemnities shall affect the benefits provided to DSI and the CRO. The indemnification provisions contained in the Engagement Letter are in the nature of contractual obligations and no change in applicable law or the Debtors' operating agreement(s) or policies shall affect the CRO's or the certain personnel's rights under the Engagement Letter.

14.     To the extent that there may be any inconsistency between the terms of the Motion, the Engagement Letter, the Interim Order, or this Final Order, then the terms of this Final Order shall govern.

15.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

\* \* \*

*Eric D. Jacobs, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*

6