ORDERED.

Dated:  April 03, 2026

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

    Debtors.

_____/

SMART COMMUNICATIONS HOLDING, INC.,

    Applicable Debtor.

_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

Case No. 8:25-bk-09473-RCT

**ORDER APPROVING APPLICATION TO EMPLOY SAUL EWING LLP
AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR WITH RESPECT
TO THE PURSUIT OF CLAIMS AGAINST COMPETITOR GLOBAL TEL-LINK
IN THE PENNSYLVANIA ACTION EFFECTIVE AS OF THE PETITION DATE**

**THIS CAUSE** came before the Court for March 27, 2026, at 9:30 A.M., upon the (1)

*Application to Employ Saul Ewing LLP as Special Litigation Counsel to the Debtor With Respect*

*to the Pursuit of Claims Against Competitor Global Tel-Link in the Pennsylvania Action Effective*

*as of the Petition Date* (Doc. 54) (the "Application") filed by Smart Communications Holding,

Inc. (the "Debtor"); and (2) *Limited Objection to Application to Employ Saul Ewing LLP as Special*

*Litigation Counsel to the Debtor With Respect to the Pursuit of Claims Against Competitor*

*Global Tel-Link in the Pennsylvania Action Effective as of the Petition Date* (Doc. 96) (the "Objection") filed by Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Trust").

The Court, finding that good, adequate and sufficient cause has been shown to justify the entry of this Order; and the Court having reviewed the Application and the Declaration of Matthew M. Haar, attached to the Application (the "Haar Declaration") and the Objection; and the Court being satisfied based on the representations made in the Application and the Haar Declaration that (a) Saul Ewing does not hold or represent an interest adverse to the Debtor-in-Possession, and (b) Saul Ewing is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code; and due and proper notice of the Application having been provided, it is

**ORDERED**:

1. The Application (Doc. 54) is **APPROVED** retroactive to December 16, 2025.

2. The Objection is OVERRULED.

3. The Debtor is authorized to employ and retain Matthew M. Haar, Esq., the law firm of Saul Ewing LLP as its Special Litigation Counsel in the Pennsylvania Action pursuant to 11 U.S.C. § 327(e), in accordance with the terms and conditions set forth in the Application.

4. Saul Ewing is authorized to render professional services to the Debtor as described in the Application.

5. Saul Ewing shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Middle

District of Florida and any other applicable procedures and orders of the Court.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*Eric D. Jacobs, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*