ORDERED.

Dated: April 15, 2026

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

Chapter 11
Case No. 8:25-bk-09473-RCT

SMART COMMUNICATIONS COLLIER, INC.,

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

Debtors.

_____/

SMART COMMUNICATIONS HOLDING, INC.,

Case No. 8:25-bk-09473-RCT

Applicable Debtor.

_____/

**ORDER APPROVING APPLICATION TO EMPLOY PATRICK M. RYAN, ESQ.
AND THE LAW FIRM OF BARTKO PAVIA LLP AS SPECIAL LITIGATION
COUNSEL TO CUSTOMER OF THE DEBTOR-IN-POSSESSION
IN THE CALIFORNIA ACTION PURSUANT TO AN INDEMNIFICATION
OBLIGATION *NUNC PRO TUNC* TO DECEMBER 16, 2025**

**THIS CAUSE** came before the Court for consideration without hearing upon the

*Application to Employ Patrick M. Ryan, Esq. and the Law Firm of Bartko Pavia LLP as Special*

*Litigation Counsel to Customer of the Debtor-In-Possession in the California Action Pursuant to*

*an Indemnification Obligation Nunc Pro Tunc to December 16, 2025* [ECF No. 129] (the

"Application") filed by Smart Communications Holding, Inc. ("Smart Holding"). The Court

having, reviewed the Application, noting that it was served upon all interested parties with the

Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 14 days of the date of service, noted that no party filed a response within the time permitted, and therefore considering the matter to be unopposed. The Court also, finding that good, adequate and sufficient cause has been shown to justify the entry of this Order; and the Court having reviewed the Application and the Declaration of Patrick M. Ryan, Esq. [ECF No. 129 p. 14] (the "Ryan Declaration"); and the Court being satisfied based on the representations made in the Application and the Ryan Declaration that (a) Ryan does not hold or represent an interest adverse to the Debtors' estate, and (b) Ryan is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(e) of the Bankruptcy Code; and due and proper notice of the Application having been provided, it is

**ORDERED** as follows:

1. The Application is APPROVED nunc pro tunc to December 16, 2025.

2. Smart Holding is authorized to employ and retain the law firm of Bartko Pavia LLP (the "Firm") as special counsel pursuant to 11 U.S.C. § 327(e), in accordance with the terms and conditions set forth in the Application.

3. The Firm is authorized to render professional services to Smart Holding as described in the Application.

4. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Middle District of Florida and any other applicable procedures and orders of the Court.

5.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

***

*Eric D. Jacobs, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*