**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **Chapter 11** |
| SMART COMMUNICATIONS HOLDING, INC. | Case No. 8:25-bk-09473 |
| | *Jointly Administered with* |
| SMART COMMUNICATIONS COLLIER, INC. | Case No. 8:26-bk-00146 |
| **Debtors.** | |
| _____/ | |

**CREDITOR JANICE LOGAN'S RESPONSE IN**
**OPPOSITION TO THE DEBTOR'S APPLICATION TO EMPLOY**
**AND RETAIN JOHN DUFFY AS INDEPENDENT DIRECTOR**
**FOR SMART COMMUNICATIONS COLLIER, INC.**

Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Trust"), and as former 50% shareholder of Smart Communications Holding, Inc. ("Smart Comm"), by and through undersigned counsel, hereby files this Response in Opposition (the "Response") to the Debtor's Application to Employ and Retain John Duffy as Independent Director for Smart Communications Collier, Inc. (the "Application") [ECF No. 214] and in support states as follows:

1.      Smart Communications Collier, Inc. ("Smart Collier") has failed to establish how the employment and retention of an independent director is either in the best interests of its estate or otherwise necessary in its efforts to restructure.  The Court should deny the Application for at least three reasons:

    a.      Smart Collier should not be permitted to delegate its fiduciary duties to the Independent Director;[1]

_____

[1] Defined terms have the same meaning as used in the Application.

b.      Smart Collier has failed to establish how the Independent Director would benefit any party other than Jon Logan; and

c.      this Application is duplicative of the Debtors' approved application to employ and retain a chief restructuring officer.

2.      As a preliminary matter, Jon is sole operator of Smart Collier, Loco Florida, and HLFIP and sole interest holder in Loco Florida and HLFIP.[2]  Thus, Smart Collier's contention that the appointment of the Independent Director is necessary to "maintain the stability of their operations" with these two affiliates is insincere.  Application at 2.  Because Jon would be the sole recipient of funds paid to Loco Florida or HLFIP but remains a fiduciary to the Debtors, there is no serious threat that Loco Florida or HLFIP would otherwise terminate or otherwise threaten to terminate any alleged agreement or services between them and the Debtors while the Debtors work to reorganize.

3.      This Application should be denied for at least three reasons.  First, Smart Collier should not be permitted to delegate its fiduciary duties as a debtor-in-possession by appointing an independent director.  There has been no Chapter 11 trustee appointed in this case, and Smart Collier remains a debtor-in-possession.  Therefore, Smart Collier should act for benefit of both it and its creditors: "Indeed, the willingness of courts to leave debtors in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee." *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 355 (1985) (internal citation and quotation marks omitted).  Jon remains solely in control of

---

[2] In its December 9, 2025, Order with Findings and Conclusions of Law from Part 2 of Phase 2 Trial the Sarasota State Court extinguished the Trust's 50% interest in Loco Florida.  In doing so, it included the value of Smart Comm's Headquarters as an asset of Smart Comm when it determined the value of the Trust's shares in Smart Comm. To the extent that the Debtors agree to Janice's judgment claim as filed, Janice will disavow her 50% interest in Loco Florida. To the extent that Debtors contest the Trust's judgment claim and seek to relitigate the matter, the Trust reserves its rights to its interest in Loco Florida.

both Debtors, and rather than seek to employ someone else to ensure payment to Jon through a higher salary and payments to his solely-owned affiliates, Smart Collier should act for the benefit of its estate.

4. Smart Collier is charged with protecting its assets for the benefit of itself and its creditors. *See In re Davis*, 899 F.2d 1136, n. 15 (11th Cir. 1990) ("The bankruptcy trustee does not represent the interests of the debtor alone; rather, he owes a complex set of obligations and fiduciary duties to the court, the debtor, the shareholders (in the case of a bankrupt corporation), and, most importantly, the creditors."). Here, Smart Collier seeks to spend funds to make itself appear more impartial. If Smart Collier does not believe it can be fair and impartial to all its creditors, rather than just those owned solely by Jon, the appointment of a Chapter 11 trustee (rather than an independent director) would be appropriate. *In re Rivers*, 167 B.R. 288, 300 (Bankr.N.D.Ga. 1994) ("If a debtor is unable to perform the duties of a debtor in possession, the court, on proper motion, will appoint a trustee."). Put simply, the retention of an independent director whose purpose is to get Jon paid a higher salary and payments through his solely-owned affiliates is not in the estate's best interest.

5. Smart Collier has failed to establish how this Independent Director with "limited" scope would act for the benefit of anyone other than Jon. Application at Par. 14. Indeed, the Application notes that Smart Collier would pay the Independent Director to vote on three issues:

      a. executive pay for Jon;

      b. a lease agreement for Jon's Loco Florida, LLC; and

      c. a licensing agreement for Jon's HLFIP Holding, LLC.

Application at Par. 15.

Smart Collier should not be permitted to pay the Independent Director for this purpose.

6.     Second, Smart Collier's relief sought the Application is redundant to that which it has already received by its application to employ a chief restructuring officer.  Indeed, while Smart Collier insists that it "need[s] to appoint an independent director who can oversee and have ultimate approval of the [certain] transactions that are being negotiated by the Chief Restructuring Officer," the Debtors already employed their Chief Restructuring Officer to, among other things, "act as an independent fiduciary with sole authority to negotiate any agreements on behalf of the Debtors, between the Debtors and non-debtor affiliates, for contracts necessary for the continued operations of the Debtors."  Application at Par. 14 and Doc. 70 at Par. 9.   Both Smart Collier and its Chief Restructuring Officer operate in fiduciary roles, and there is no need to employ a third fiduciary to vote on what the Chief Restructuring Officer is already charged with negotiating.

7.     Finally, the Trust will be filing an adversary proceeding seeking the substantive consolidation of the Debtors' estates with – among others – Smart Collier's affiliates Loco Florida and HLFIP.  Indeed, this pending adversary proceeding will highlight that the non-debtor entities at issue are nothing more than non-operating holders of property paid for and maintained by the Debtors.  The Trust humbly requests that the Court either deny this Application or, alternatively, hold it in abeyance until it may hear arguments on substantive consolidation.  Should the Court substantively consolidate the Debtors' estate with its affiliates, this Application would be mooted.

**WHEREFORE**, the Trust respectfully requests that this Court deny the Application or hold it in abeyance pending ruling on the Trust's complaint for substantive consolidation and grant such further relief as this Court deems just and appropriate.

4

DATED:  May 6, 2026.

/s/ Edward J. Peterson
Edward J. Peterson
Florida Bar No. 0014612
BERGER SINGERMAN LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
813.498.3400
epeterson@bergersingerman.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Response* was served on May 6, 2026, by the Court's CM/ECF system upon all parties registered to receive electronic noticing as noted below:

John A Anthony on behalf of Creditor Melvin Engelke
janthony@anthonyandpartners.com,
efilings@anthonyandpartners.com;cfosdick@anthonyandpartners.com;eleith@anthonyandpartners.com

Brad F. Barrios on behalf of Debtor Smart Communications Holding, Inc.
bbarrios@tcb-law.com

Paul J Battista on behalf of Debtor Smart Communications Holding, Inc.
pjbattista@venable.com,
cascavone@venable.com;IMalcolm@venable.com;jnunez@venable.com;hburke@venable.com

Eyal Berger on behalf of Debtor Smart Communications Holding, Inc.
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Teresa Marie Dorr on behalf of U.S. Trustee United States Trustee - TPA
teresa.dorr@usdoj.gov,
brandy.gasaway@usdoj.gov;Dionne.Rumper@usdoj.gov;Juanita.Diaz@usdoj.gov

Eric D Jacobs on behalf of Debtor Smart Communications Holding, Inc.
edjacobs@venable.com,
btraina@venable.com;bmtraina@venable.com;bmtraina@ecf.courtdrive.com;ipmalcolm@venable.com;tmpetrie@venable.com;imalcolm@ecf.courtdrive.com;brhand@venable.com

Anne Krache on behalf of Creditor Janice Logan
akrache@shb.com, anne-krache-9629@ecf.pacerpro.com;rdevaney@shb.com

5

John W Landkammer on behalf of Creditor Melvin Engelke
jlandkammer@anthonyandpartners.com,
efilings@anthonyandpartners.com,crodriguez@anthonyandpartners.com


Marc L. Levine on behalf of Creditor Janice Logan
mlevine@bergersingerman.com

Anthony P. Marzocca on behalf of Creditor Florida Custom Mold, Inc.
amarzocca@trenam.com,
amarzocca@ecf.courtdrive.com;cminott@trenam.com;amatos@ecf.courtdrive.com;mmosbach@
trenam.com;mmosbach@ecf.courtdrive.com;cminott@ecf.courtdrive.com

Ruediger Mueller
trustee@tcmius.com, crm11@trustesolutions.net

Megan Wilson Murray on behalf of Creditor Swank Motion Pictures, Inc.
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@underwoo
dmurray.com;vburbano@underwoodmurray.com;jpatterson@underwoodmurray.com

Peter Francis O'Neill on behalf of Creditor Janice Logan
pfoneill@shb.com

R Scott Shuker on behalf of Interested Party Jon Logan
rshuker@shukerdorris.com,
mfranklin@shukerdorris.com;lstricker@shukerdorris.com;mdorris@shukerdorris.com;atillman
@shukerdorris.com;wtownsend@shukerdorris.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV


/s/ Edward J. Peterson
Edward J. Peterson