**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

Smart Communications Holding, Inc.

Chapter 11
Case No. 8:25-bk-09473-RCT

Jointly Administered with
Case No. 8:26-bk-00146-RCT

Smart Communications Collier, Inc.

Debtor.

_____/

**UNITED STATES TRUSTEE OBJECTION TO APPLICATION TO**
**EMPLOY AND RETAIN JOHN DUFFY AS INDEPENDENT**
**DIRECTOR FOR SMART COMMUNICATIONS COLLIER, INC.**

Guy A. Van Baalen, the Acting United States Trustee for Region 21, through the undersigned counsel, hereby objects to the Application to Employ and Retain John Duffy as Independent Director for Smart Communications Collier, Inc. (the "Duffy Application") (Doc. 214). The Debtors have not demonstrated that the employment of an Independent Director is in the best interest of the estate; in the alternative, the United States Trustee asserts that the appointment of an examiner to address the matters raised in the Duffy Application is appropriate. In support of this objection, the United States Trustee asserts as follows:

1.      On December 16, 2025, Smart Communications Holding, LLC ("Smart Holding") filed a voluntary petition for relief under Chapter 11, subchapter V, of the Bankruptcy Code, Case Number 8:25-bk-09473-RCT. On January 8, 2026, Smart Holding filed an amended voluntary petition to remove the subchapter V designation. (Doc. 51).

1

2.    On January 8, 2026, Smart Communications Collier, Inc. ("Smart Collier") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Case Number 8:26-bk-00146-RCT.  The cases are jointly administered.

3.    The Debtors have already received approval to retain Joseph Luzinski ("Luzinski") of Development Specialists Inc. as Chief Restructuring Officer (Doc. 135).    Luzinski was authorized to, inter alia, "act as an independent fiduciary with the sole authority to negotiate any agreements on behalf of the Debtors, between the Debtors and non-debtor affiliates, for contracts necessary for the continued operations of the Debtors." See, Motion to Employ Joseph Luzinski as Chief Restructuring Officer at para. 9 (Doc. 70).

4.    Jon Logan is the sole director of both Debtors.   He is also the owner of two non-debtor affiliates, Loco Florida, LLC ("LOCO"), which owns the real property where the Debtors primarily conduct their business, and HLFIP Holding, LLC ("HLFIP"), which purportedly owns the intellectual property utilized by the Debtors as part of its operations.   To date, the Debtors do not have a written lease with LOCO and have reportedly never paid any rent to LOCO.  Further, the Debtors do not have a written agreement with HLFIP for the used of the HLFIP intellectual property and have never made a payment to HLFIP for its use.

5.    Mr. Luzinski remains in his position as Chief Restructuring Office and serves as a fiduciary required to act in the best interests of the Debtors and their estates and not LOCO or HLFIP.   Mr. Luzinski also is tasked with negotiating with Jon Logan any appropriate salary Jon Logan should receive from the Debtors.  Accordingly, the retention of Luzinski to negotiate with non-Debtor entities ensured that Jon Logan would not be negotiating on behalf of both parties to the negotiations.

6.      Now that the negotiations between Luzinski as estate fiduciary and Jon Logan on behalf of the non-debtor entities have commenced or have been completed, the Debtors are now seeking to appoint an independent director solely to approve any agreements reached.   The Debtors have asserted that because Smart Holding and Smart Collier do not have written agreements with the non-Debtor entities owned and controlled by Jon Logan, under Florida State Law, an independent director of the Debtors must be appointed to **approve** any agreement reached between the Debtors and the Logan-controlled non-debtor entities without disclosing why such approval is necessary by the proposed independent director.

7.      Mr. Luzinski remains in his position as Chief Restructuring Office and serves as a fiduciary required to act in the best interests of the Debtors and their estates and not LOCO or HLFIP.   Mr. Luzinski also is tasked with negotiating with Jon Logan any appropriate salary Jon Logan should receive from the Debtors.   As Chief Restructuring Officer, he should be well versed in the financial condition of the Debtors and the terms of any contracts to be executed with LOCO, HLFIP and Jon Logan.

8.      Both Smart Collier and its Chief Restructuring Officer operate in fiduciary roles; accordingly, there is no need to employ a third fiduciary to vote on what the Chief Restructuring Officer is already charged with negotiating.   In a motion to approve any agreement reached between the Debtors, the non-debtor entities and Jon Logan, Mr. Luzinski will need to demonstrate to the Court that the proposed agreements are in the best interests of the Debtors and the estates.

9.      The United States Trustee has proposed to the Debtors that to the extent the appointment of an independent director is actually required to approve any agreement reached between Luzinski and the non-debtor entities and any employment contract reached regarding Jon Logan's salary, a Court appointed examiner could advise on the propriety of any agreement reached.

10.     The United States Trustee does not waive and preserves his right to raise any relevant issue or objection at a hearing on this contested matter.

WHEREFORE, the United States Trustee respectfully prays that this Court enter an order (1) DENYING the appointment of an Independent Director or, in the alternative, enter an order directing the appointment of an Examiner to address the limited issues raised by the Duffy Motion and (2) granting other relief as this Court may deem appropriate.

Dated: May 6, 2026.

Respectfully submitted,

**GUY A. VAN BAALEN**
**ACTING UNITED STATES TRUSTEE**
Region 21

By: */s/ Teresa M. Dorr*
Teresa M. Dorr, Trial Attorney
Florida Bar No. 48037
Teresa.dorr@usdoj.gov
Office of the United States Trustee
501 East Polk Street, Suite 1200
Tampa, Florida 33602
(813)228-2132
(813) 228-2303 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically to all parties on the Court's CM/ECF list.

*/s/ Teresa M. Dorr*
Trial Attorney

4