UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| | Chapter 11 |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:25-bk-09473-RCT |
| | |
| | *Jointly Administered with* |
| SMART COMMUNICATIONS COLLIER, INC., | Case No. 8:26-bk-00146-RCT |
| | |
| Debtors. | |

_____/

| | |
|---|---|
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:25-bk-09473-RCT |
| | |
| Applicable Debtor. | |

_____/

**FIRST INTERIM APPLICATION FOR COMPENSATION TO
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.,
AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR
FOR THE PERIOD DECEMBER 16, 2025, THROUGH APRIL 30, 2026**

**NOTICE OF APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES AND
OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("Applicant"), special litigation counsel for the Debtor, has filed an application for compensation in the amount of $120,712.00 and reimbursement of expenses in the amount of $1,221.39 (the "Application"). A copy of the Application may be viewed on the case docket or may be obtained by request to the Debtor's bankruptcy counsel, Eric D. Jacobs, Esq., at (813) 439-3100 or ejacobs@venable.com.

If you object to the Application, you must file an objection with the Clerk of Court at 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, within 21 days from the date of the proof of service below, plus an additional three days if this notice was served on any party by U.S. Mail.

If you file and serve an objection within the time permitted, the Court will either (1) notify you of a hearing date, or (2) consider the Application and approve or disapprove the Application without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the Application, and the Court will consider the Application without further notice or hearing.

### SUMMARY OF FIRST INTERIM APPLICATION
### FOR COMPENSATION TO STEARNS WEAVER MILLER

| | | |
|---|---|---|
| 1. | Name of Applicant: | Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. |
| 2. | Services Provided to: | Smart Communications Holding, Inc. |
| 3. | Date of Retention: | December 16, 2025 [ECF No. 241] |
| 4. | Period for this Application: | December 16, 2025 to April 30, 2026 |
| 5. | Amount of Compensation Sought: | $120,712.00 |
| 6. | Amount of Expense Reimbursement: | $1,221.39 |
| 7. | Amount of Original Retainer: | N/A |
| 8. | Current Balance of Retainer Remaining: | N/A |
| 9. | Blended Hourly Rate for this Application: | $694.15 |
| 10. | This is an: | _x_ interim _____ final application |
| 11. | Disclosure of prior applications: | N/A (First Application) |

| Period Covered | Requested | | Awarded | | Paid | | Holdback |
|---|---|---|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses | Fees | Expenses | |
| N/A | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

2

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

|  |  |
|---|---|
| | Chapter 11 |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:25-bk-09473-RCT |
| | *Jointly Administered with* |
| SMART COMMUNICATIONS COLLIER, INC., | Case No. 8:26-bk-00146-RCT |
| Debtors. | |
| _____/ | |
| SMART COMMUNICATIONS HOLDING, INC., | Case No. 8:25-bk-09473-RCT |
| Applicable Debtor. | |
| _____/ | |

**FIRST INTERIM APPLICATION FOR COMPENSATION TO STEARNS WEAVER MILLER, AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR FOR THE PERIOD DECEMBER 16, 2025, THROUGH APRIL 30, 2026**

The Applicant, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A. ("SWM"), having been approved by this Court as attorneys for the Debtor, Smart Communications Holding, Inc. (the "Debtor"), files this first application for interim allowance of compensation for professional services rendered and reimbursement of the necessary expenses pursuant to 11 U.S.C. § 330 and Rule 2016, Federal Rule of Bankruptcy Procedure, and the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(2). The exhibits attached to this Application, pursuant to the Guidelines, are:

Exhibit "1":   Summary of Professional Time.

Exhibit "2":   Summary of Requested Reimbursements of Expenses.

Exhibit "3":   The applicant's complete time records, in chronological order, by activity code category (if applicable), for the time period covered by this application. The requested fees are itemized to the tenth of an hour. Expense invoices are also included.

3

SWM submits that the requested fee in the amount of $120,712.00 for 173.90 hours worked is reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977).

I.      **RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD**

On May 21, 2026, this Court entered an Order authorizing the employment of SWM as Special Litigation Counsel for the Debtor-in-Possession effective as of December 16, 2025 [ECF No. 241]. This Application is for fees and costs incurred from December 16, 2025, through April 30, 2026 (the "Application Period"). In connection herewith, SWM seeks its first interim award of $120,712.00 in fees for services rendered and $1,221.39 for reimbursement of expenses incurred during the period covered during the Application Period.

II.      **DESCRIPTION AND SUMMARY OF SERVICES PERFORMED DURING THE APPLICATION PERIOD**

During the Application Period, SWM performed a multitude of legal services which were necessary to effectively represent the Debtor in the underlying state court litigation. A summary of the services and matters that SWM performed are set forth below and reflected in the attached exhibits.

<u>General Counsel - Fee / Employment Applications</u>

In the category of fee and employment application, SWM worked with Debtor's bankruptcy counsel (Venable LLP) to prepare an employment application and this first interim fee application, inclusive of reviewing and analyzing draft applications and declarations supporting employment applications; conflict checks against the debtor list; communications with Debtor and Debtor's counsel; finalizing and executing the application, proposed order, and declaration for

filing; reviewing the order approving employment; and reviewing bankruptcy and local rules for preparing fee applications.

State Court Litigation

SWM performed a variety of services in connection with the State Court litigation ("State Court Litigation") styled *Jonathan Logan, et al. v. Janice Logan, et al.*, pending in the Twelfth Judicial Circuit, Florida (the "State Court"), bearing Case Nos. 2023-CA-1002 and 2023-CA-1280 (consolidated) (the "State Court Action"), most notably preparing for two post-trial hearings that were permitted by this Court to proceed following the Debtors' initiation of these bankruptcy proceedings.

1)    *December 19, 2025 Hearing [State Court Action]*

In particular, SWM prepared for and attending a post-trial in-person hearing on December 19, 2025, regarding payment terms and payment security related to the State Court's valuation purchase order. Among other things, that hearing was anticipated to involve complicated questions about damages arising from a dissolved injunction bond and other evidence relating to set-offs for company spending that substantially impacted the Court's final valuation judgment.  Pursuant to a division of labor and in order to proceed as efficiently for the Debtor as possible, SWM had primary responsibility for the injunction damages and other set-off issues.

2)    *January 12, 2026 Hearing [State Court Action]*

SWM also prepared for and attended a subsequent in-person hearing on January 12, 2026, to determine payment terms and payment security, also involving injunction damages and a further resolution of setoffs. In advance of that hearing, SWM prepared multiple pre-hearing filings, including the submission of affidavits and revised exhibits related to Debtor's damages and set-

5

offs from the valuation award.  SWM also helped prepare witness testimony for the January hearing related to these issues.

The specific services rendered by SWM are detailed in the firm's billing records attached hereto as Exhibit 3.

### III.   EVALUATION OF SERVICES RENDERED: FIRST COLONIAL CONSIDERATIONS

This Application presents the nature and extent of the professional services rendered by the Applicant in connection with its representation of the Debtor. The recitals set forth in the daily diaries attached hereto constitute only a summary of the time spent. A mere reading of the time summary annexed hereto cannot completely reflect the full range of services the Applicant rendered and the complexity of the issues and the pressures of time and performance which have been placed on the Applicant in connection with this case.

American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp.), 544 F.2d 1291 (5th Cir.), cert. denied, 431 U.S. 904 (1977), enumerates twelve factors a bankruptcy court should evaluate in awarding fees.  First Colonial remains applicable in the Eleventh Circuit to the determination of reasonableness of fees to be awarded under the Bankruptcy Code.  Grant v. George Schuman Tire & Battery Company, 908 F.2d 874 (11th Cir. 1990); 2 Collier on Bankruptcy ¶ 330.05[2][a] at 330-33 through 330-37 (L. King 15th ed. 1991); See also Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  The twelve factors are: the time and labor required; the novelty and difficulty of the services rendered; the skill requisite to perform the services properly; the preclusion of other employment by the professional due to the acceptance of the case; the customary fee; whether the fee is fixed or contingent; the time limitations imposed by the client or other circumstances; the experience, reputation, and ability of the professional; the undesirability of the case; the nature and length of the professional relationship of the client; and

awards in similar cases. First Colonial, 544 F.2d at 1298-99.

Based on the standards set forth in section 330 of the Bankruptcy Code and First Colonial, the Applicant believes that the fair and reasonable value of its services rendered during the period covered by this Application is in the amount of $120,712.00.

**A. Time, Nature and Extent of Services Rendered, Results Obtained and Related First Colonial Factors.**

The foregoing summary, together with the exhibits attached hereto, details the time, nature and extent of the professional services the Applicant provided during the period covered by this Application, including in particular extensive appellate work and additional bid-protest work under considerable time constraints. The total number of hours expended (173.90 hours) reveals the extensive time devoted to these matters by the Applicant at a blended cumulative hourly rate of $694.15.

**B. Novelty and Difficulty of Questions Presented.**

In providing services to the Debtor as described above, Applicant often faced novel questions of Florida law that required additional consideration and effort, relying primarily upon established Florida statutory authority, procedural rules, and recognized jurisprudential precedents to assist the Debtor with issues in Florida.

**C. Skill Requisite to Perform Services Properly.**

In rendering services to the Debtor, the Applicant demonstrated substantial legal skill and expertise in the areas of Florida practice and procedure, and general litigation involving the Debtor.

**D. Preclusion from Other Employment by Attorney Due to Acceptance of Case.**

The Applicant's representation of the Debtor in the matters described above did not preclude it from accepting other employment.

**E.    Customary Fee.**

The attorney hourly rates of the Applicant set forth in the attached exhibits reflect a cumulative rate of $694.15 per hour. The fees charged are of a kind well within the range approved by courts within and outside of this District in other bankruptcy matters.

**F.    Whether Fee is Fixed or Contingent.**

The Applicant is compensated by the hour, but the fees charged here are now subject to approval of the Court and therefore contingent in that respect. The amount requested is consistent with the fee which the Applicant charges other clients.

**G.    Time Limitations Imposed by Client or Other Circumstances.**

Other than the press of court deadlines for litigation matters, including the tight time constraints involving the referenced hearings and pre-hearing submissions, the circumstances of this case did not impose certain time constraints on the Applicant.

**H.    Experience, Reputation and Ability of Attorneys.**

SWM is experienced in matters of this kind involving complex litigation and is well known in Florida as experienced in these and other areas of law.

**I.    "Undesirability" of Case.**

The case in which Applicant represents the Debtor is not undesirable. The Applicant is privileged to have the opportunity to represent the Debtor as special litigation counsel in the State Court Action.

**J.    Nature and Length of Professional Relationship with Client.**

The Applicant has represented the Debtor in a professional capacity since November 2023.

**K.**      **Awards in Similar Cases.**

The amount requested by the Applicant is reasonable in terms of awards in cases of similar magnitude and complexity. The compensation which the Applicant requests comports with the mandate of the Bankruptcy Code, which directs that services be evaluated in light of comparable services performed in non-bankruptcy cases in the community.  Considering the results obtained in light of the nature of the Applicant's employment, the lack of a retainer and the complexity of the issues addressed during the period covered by this Application, this rate is entirely appropriate. Likewise, as with all law firms, the Applicant's overhead expenses are absorbed in the hourly rate. A portion of any fee which the Court awards the Applicant will defray any overhead expenses already incurred and paid during the pendency of this case.

**IV.  REIMBURSEMENT OF EXPENSES**

Consistent with Local Rule 2016-1(e), Bankruptcy Rule 2016, and the Expense Reimbursement Guidelines, attached hereto as Exhibit 2 is a detailed list of expenses incurred. SWM seeks reimbursement of out-of-pocket expenses totaling $1,221.39 for hotel and transportation fees in connection with the hearings described above.

**V.  CONCLUSION**

The Applicant has provided valuable services to the Debtor in this case.  For this reason and all of the reasons set forth in this Application, the Applicant seeks a first interim award of $120.712.00. in fees for services rendered and $1,221.39 for reimbursement of expenses incurred during the period covered by this Application. Consistent with the Debtor's filings in these Chapter 11 cases and the manner of payment of fees to SWM before these bankruptcy proceedings, the fees and expenses awarded to SWM may be paid by Smart Communications Collier, Inc., subject to approval by this Court.

**WHEREFORE**, the Applicant, Michael J. Harwin, Esq. and the law firm of STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A., respectfully requests the Court enter an Order approving the Application and granting such other and further relief as the Court deems appropriate.

Dated:  May 26, 2026.    Respectfully submitted,

**VENABLE LLP**
*Attorneys for Debtors*
100 N. Tampa Street, Suite 2600
Tampa, Florida 33602
Telephone: (813) 439-3100

By:  */s/ Eric D. Jacobs*
  Eric D. Jacobs, Esq.
  Florida Bar No. 85992
  Email: ejacobs@venable.com

- and -

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street
Harrisburg, PA 17111

By:  */s/ Michael J. Harwin*
  Michael J. Harwin, Esq.
  Florida Bar No. 1018578
  Email: mharwin@stearnsweaver.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 26, 2026, a true and correct copy of the foregoing document has been furnished via electronic mail by virtue of the Court's CM/ECF System to all parties registered to receive notice in this action.

By:  */s/ Eric D. Jacobs*
  Eric D. Jacobs, Esq.

# EXHIBIT "1"

### Summary of Professional Time
### Total per Individual for this Period Only

[If this is a final application, and does not cumulate fee details from prior interim applications, then a separate Exhibit 1-A showing cumulative time summary from all applications is attached as well]

| Name | Partner Associate or Paraprofessional | Year Licensed | Total Hours | Average Hourly Rate | Fee |
|------|------|------|------|------|------|
| Michael J. Harwin | Partner | 2001 | 161.70 | $695.00 | $112,381.50 |
| Bridget K. Smitha | Partner | 2004 | 10.20 | $700.00 | $7,140.00 |
| Drew Dillworth | Partner | 1992 | 0.40 | $995.00 | $398.00 |
| Kelly A. O'Keefe | Partner | 1994 | 0.10 | $800.00 | $80.00 |
| Patricia Lin | Paralegal | 2004 | 1.50 | $475.00 | $712.50 |
| **TOTAL** | | | 173.90 | $694.15 | $120,712.00 |

11

# EXHIBIT "2"

## Summary of Requested Reimbursement of Expenses
## for this Time Period Only

| DISBURSEMENTS | | AMOUNT |
|---|---|---|
| 1. | Filing Fees | |
| 2. | Process Service Fees | $170.00 |
| 3. | Witness Fees | |
| 4. | Court Reporter & Transcripts | |
| 5. | Lien and Title Searches | |
| 6. | Photocopies (in-house copies) | |
| 7. | Photocopies (outside copies) | |
| 8. | Postage | |
| 9. | Overnight Delivery Charges (FedEx) | |
| 10. | Outside Courier/Messenger Services | |
| 11a. | Long Distance (a) Telephone Charges | |
| 11b. | Long Distance (b) Conference Calls/Court Call | |
| 12. | Long Distance Fax Transmission @ $1.00/pg. | |
| 13. | Computerized Research | $355.30 |
| 14. | Out of Southern District of Florida Travel<br>A.  Transportation/Airfare<br>B.  Lodging<br>C.  Meals<br>D.  Parking | Mileage - $310.81<br>Parking - $42.80<br>Lodging - $342.48 |
| 15. | Other (Not specifically disallowed; must specify and justify) | |
| **TOTAL AMOUNT OF EXPENSES** | | **$1,221.39** |

12

# EXHIBIT "3"

[The applicant's complete time records, in chronological order, by activity code category, for the time period covered by this application. The requested fees are itemized to the tenth of an hour. NOTE: Invoices for expenses incurred and paid are also included.]

13

# STEARNS WEAVER MILLER
# WEISSLER ALHADEFF & SITTERSON, P.A.

Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL  33130
Direct Line: (305) 789-3200
Fax: (305) 789-3395

SMART COMMUNICATIONS HOLDING INC.
c/o DAVID GANN
10491 72 Street
Seminole, FL 33777

| | |
|---|---|
| Invoice Date: | May 21, 2026 |
| Invoice Number: | 16129235 |
| Matter Number: | 47229.0001 |

*For Professional Services through **April 30, 2026***

**Matter:**    adv. JANICE LOGAN

| | | |
|---|---|---|
| Total Fees | $ | 120,712.00 |
| Total Costs | $ | 1,221.39 |
| Total Due This Invoice | $ | 121,933.39 |

MIAMI ▪ TAMPA ▪ FORT LAUDERDALE ▪ TALLAHASSEE ▪ CORAL GABLES

| | | |
|---|---|---|
| Invoice Date: | | May 21, 2026 |
| Invoice Number: | | 16129235 |
| Matter Number: | | 47229.0001 |

**For Professional Services Rendered Through April 30, 2026**

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/16/25 | M.J. Harwin | Continue revising ██████ prepare for oral argument regarding set-off and injunction damages. | 3.50 | 695.00 | 2,432.50 |
| 12/17/25 | B.K. Smitha | Revised and finalized ██████ | 0.80 | 700.00 | 560.00 |
| 12/17/25 | M.J. Harwin | Continue to prepare for oral argument, review caselaw and evaluate briefs (3.4 hrs.). | 3.40 | 695.00 | 2,363.00 |
| 12/18/25 | B.K. Smitha | Research re: objections to Janice's request for costs. | 0.80 | 700.00 | 560.00 |
| 12/18/25 | M.J. Harwin | Prepare for oral argument, review filings, review background information (5.3 hrs.); travel to Sarasota for oral argument (3.1 hrs.). | 8.40 | 695.00 | 5,838.00 |
| 12/19/25 | B.K. Smitha | Research re: ██████ | 0.50 | 700.00 | 350.00 |
| 12/19/25 | K.A. O'Keefe | Emails regarding ██████ | 0.10 | 800.00 | 80.00 |
| 12/19/25 | M.J. Harwin | Meet w/ D. Hillsley for ██████ (.5 hrs.); attend hearing in Sarasota (1 hr.); return travel from Sarasota (3.2 hrs.). | 4.70 | 695.00 | 3,266.50 |
| 12/22/25 | B.K. Smitha | Research re: ██████ | 0.30 | 700.00 | 210.00 |
| 12/22/25 | M.J. Harwin | Correspondence w/ D. Hillsley, B. Smitha and paralegals regarding ██████ (.4 hrs.); correspondence ██████ (.2 hrs.) review filings in probate matter, replevin action, and declaratory judgment action and ██████ (1.2 hrs.); review Janice Logan opposition to temporary injunction damages for potential reply (.6 hrs.); correspondence w/ B. Smitha and D. Hillsley regarding ██████ (.3 hrs.); draft response in support of set-off and injunction damages claims (4.8 hrs.). | 7.50 | 695.00 | 5,212.50 |
| 12/22/25 | P. Lin | Work with ██████ | 0.20 | 475.00 | 95.00 |
| 12/24/25 | B.K. Smitha | Revised memorandum in support of ██████ | 3.50 | 700.00 | 2,450.00 |

Page Number 2

| Invoice Date: | May 21, 2026 |
| Invoice Number: | 16129235 |
| Matter Number: | 47229.0001 |

| Date | Name | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 12/29/25 | M.J. Harwin | Review revised memorandum for submission to court and review updated case law; revise memorandum (7.5 hrs.). | 7.50 | 695.00 | 5,212.50 |
| 12/30/25 | M.J. Harwin | Finish revising memorandum regarding injunction damages and set-off for Ranch Club issues (4.2 hrs.). | 4.20 | 695.00 | 2,919.00 |
| 12/31/25 | B.K. Smitha | Revised memo re: injunction damages. | 0.60 | 700.00 | 420.00 |
| 12/31/25 | M.J. Harwin | Review edits/comments on memorandum w/ injunction damages and coordinate revisions to the same (3.2 hrs.). | 3.20 | 695.00 | 2,224.00 |
| 01/02/26 | M.J. Harwin | Incorporate ███████ and finalize filing for court submission (3.8 hrs.); further research for court submission (2.6 hrs.); review submission by A. Logan and correspondence w/ B. Smitha regarding the same (.7 hrs.). | 7.10 | 695.00 | 4,934.50 |
| 01/05/26 | M.J. Harwin | Research Alexis indemnification issue and determine ███████ correspondence ███████ review C. Johnson motion for fees and ███████; correspondence ███████ | 8.20 | 695.00 | 5,699.00 |
| 01/06/26 | M.J. Harwin | Review revised Alexis Motion for fees and costs and correspondence ███████, research additional caselaw and correspondence ███████ correspondence ███████ | 8.70 | 695.00 | 6,046.50 |
| 01/07/26 | M.J. Harwin | Correspondence ███████ begin preparing for hearing, continue research, further research on injunction damages; begin outlining argument for hearing; assist in drafting opposition of ███████ correspondence ███████ correspondence ███████ | 5.70 | 695.00 | 3,961.50 |
| 01/08/26 | M.J. Harwin | Review proposed order granting automatic stay and correspondence ███████ review and pull additional exhibits for injunction damages for use at hearing; review revised response brief for A. Logan motion and propose | 8.50 | 695.00 | 5,907.50 |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

| | | | Invoice Date: | | | May 21, 2026 |
| | | | Invoice Number: | | | 16129235 |
| | | | Matter Number: | | | 47229.0001 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| | | suggested revisions; correspondence ███ ████████████ review additional language regarding A. Logan claimed damages and modification to the response brief; review Janice Logan and Alexis Logan pre-hearing submissions and correspondence ████████████ ██ | | | |
| 01/09/26 | M.J. Harwin | Continue reviewing response submissions and revise outline for upcoming hearing; research additional case law for upcoming hearing; zoom meet and confer telephone conference w/ C. Johnson, P. O'Neal, A. Franklin, Akerman, and DLA; post-meet and confer ████████████ correspondence ████ ██████████████████ ███████████ correspondence w/ D. Hillsley and SHB regarding disposition of additional cases; | 6.90 | 695.00 | 4,795.50 |
| 01/11/26 | M.J. Harwin | Travel to Sarasota for hearing; continue preparing and outlining argument; ████ correspondence ██████████████ ███████ g; | 7.50 | 695.00 | 5,212.50 |
| 01/12/26 | B.K. Smitha | Research re: ████████████ | 0.70 | 700.00 | 490.00 |
| 01/12/26 | M.J. Harwin | Continue preparing for hearing; correspondence ████████████ ████████████████; telephone conference ████████████ ████████; meet w/ D. Hillsley and A. Hall regarding upcoming hearing and prepare for hearing; attend post trial hearing w/ J. Carroll; debrief telephone conference after hearing; return travel from hearing. | 13.70 | 695.00 | 9,521.50 |
| 01/12/26 | P. Lin | Work on obtaining filings from ████ ████████████████████ | 0.50 | 475.00 | 237.50 |
| 01/13/26 | M.J. Harwin | Review ████████████ ████████ draft ████████ | 7.40 | 695.00 | 5,143.00 |
| 01/14/26 | B.K. Smitha | Drafted Response to Janice Logan Notice of Intent to Use Summary Exhibit (TX3526A: AMENDED Post-Valuation Date Tierra Verde Expenses Summary Exhibit); revised ████████. | 1.70 | 700.00 | 1,190.00 |

Page Number 4

| | | Invoice Date: | | May 21, 2026 |
| | | Invoice Number: | | 16129235 |
| | | Matter Number: | | 47229.0001 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 01/14/26 | M.J. Harwin | Continue drafting ███████████ ████████████████████████ ; review draft notice of intent to rely on exhibit and revise; correspondence w/ B. Smitha regarding the same; correspondenc ███████████ . | 7.30 | 695.00 | 5,073.50 |
| 01/15/26 | B.K. Smitha | Reviewed and revised Response; finalized exhibits. | 0.70 | 700.00 | 490.00 |
| 01/15/26 | M.J. Harwin | Review and revise ████████ ; finish ██████████ correspondence ██████████████████ ; correspondence █████████ ; | 5.50 | 695.00 | 3,822.50 |
| 01/16/26 | B.K. Smitha | Analyzed Janice Logan's Submission Regarding Tierra Verde and Ranch Club Expenses; revised and filed Response to Notice of Intent. | 0.60 | 700.00 | 420.00 |
| 01/16/26 | M.J. Harwin | Correspondence w/ SHB regarding reconsideration motion; review proposed SHB submission and revise our submission accordingly; correspondence w/ D. Hillsley and B. Smitha regarding SHB proposal; correspondence w SHB regarding Janice Logan submission re: Ranch Club expenditures; finalize submission. | 5.70 | 695.00 | 3,961.50 |
| 02/10/26 | M.J. Harwin | Correspondence w/ Akerman regarding ████████████████ | 1.80 | 695.00 | 1,251.00 |
| 02/16/26 | M.J. Harwin | Correspondence w/ M. Hogan regarding ████████████████ | 1.50 | 695.00 | 1,042.50 |
| 02/17/26 | M.J. Harwin | Correspondence w/ D. Hillsley regarding ████████████████ | 1.00 | 695.00 | 695.00 |
| 02/18/26 | D.M. Dillworth | Review communications in preparation for call ████████████████ | 0.40 | 995.00 | 398.00 |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

| | | Invoice Date: | | | May 21, 2026 |
| | | Invoice Number: | | | 16129235 |
| | | Matter Number: | | | 47229.0001 |

| Date | Name | Description | Hours | Rate | Amount |
|------|------|-------------|-------|------|--------|
| 02/18/26 | P. Lin | Work on bankruptcy Form-410 | 0.80 | 475.00 | 380.00 |
| 04/21/26 | M.J. Harwin | Telephone conference w/ E. Jacobs regarding special counsel appointment (.2 hrs); correspondence w/ E. Jacobs regarding special counsel appointment (.3 hrs.); review draft motion and declaration (.3 hrs.) | 0.80 | 695.00 | 556.00 |
| 04/22/26 | M.J. Harwin | Telephone conference w/ D. Gann regarding ███████████ (.5 hrs.); review draft motion and declaration from Akerman and begin drafting motion to appoint special counsel (2.5 hrs.); revise draft motion (2.0 hrs). | 5.00 | 695.00 | 3,475.00 |
| 04/23/26 | M.J. Harwin | Draft motion to appear as special counsel (2.3 hrs.); draft declaration to appear as special counsel (4.2 hrs). | 6.50 | 695.00 | 4,517.50 |
| 04/24/26 | M.J. Harwin | Continue revising and finalizing motion and declaration (2.8 hrs.); summarize draft motion and declaration and correspondence w/ E. Jacobs and D. Gann regarding the same (.8 hrs.); further correspondence w/ D. Gann and forward Akerman application for comparison (.3 hrs.). | 3.90 | 695.00 | 2,710.50 |
| 04/25/26 | M.J. Harwin | Revise application and declaration ███ ██████████ (1.0 hrs.); review correspondence regarding ██████████ ██████████ (.5 hrs.); summarize modifications and forward to E. Jacobs and D. Gann (.3 hrs.) | 1.80 | 695.00 | 1,251.00 |
| 04/27/26 | M.J. Harwin | Finish revising and finalizing declaration and motion (1.0 hrs.) | 1.00 | 695.00 | 695.00 |
| 04/29/26 | M.J. Harwin | Correspondence w/ K. Wong, C. Clark and B. Smitha regarding correspondence and filings with regard to ████████ ██ (.4 hrs.); review prior filings and correspondence and collect correspondence and filings relating ████ ██████ (2.4 hrs.); summarize filings and correspondence regarding ████ ██████████████ 1.0 hrs.) | 3.80 | 695.00 | 2,641.00 |

**Timekeeper Summary**

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Drew M. Dillworth | 0.40 | 995.00 | 398.00 |
| Kelly A. O'Keefe | 0.10 | 800.00 | 80.00 |
| Bridget K. Smitha | 10.20 | 700.00 | 7,140.00 |

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

Invoice Date:                May 21, 2026
Invoice Number:                16129235
Matter Number:                47229.0001

| Name | Hours | Rate | Amount |
|------|-------|------|--------|
| Michael J. Harwin | 161.70 | 695.00 | 112,381.50 |
| Patricia Lin | 1.50 | 475.00 | 712.50 |
| **Total** | **173.90** | | **$120,712.00** |

## Cost Summary

| Description | Amount |
|-------------|--------|
| Parking Charges | 42.80 |
| Mileage | 310.81 |
| Travel Expenses | 342.48 |
| Online Research | 355.30 |
| Process Server Charges | 170.00 |
| **Total** | **$1,221.39** |

|  |  |
|--|--|
| Total Due This Invoice | $121,933.39 |

**M.J. Harwin**

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.