**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| SMART COMMUNICATIONS HOLDING, INC. | Case No. 8:25-bk-09473 |
| SMART COMMUNICATIONS COLLIER, INC. | *Jointly Administered with* Case No. 8:26-bk-00146 |
| **Debtors.** | |

_____/

**CREDITOR JANICE LOGAN'S MOTION FOR
ADOPTION OF PROTECTIVE ORDER**

Creditor, Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Trust"), and as former 50% shareholder of Smart Communications Holding, Inc. ("Smart Comm"), by and through undersigned counsel, hereby files this Motion for Adoption of Protective Order and in support states as follows:

1.      On or about October 23, 2024, the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, entered a Stipulated Order Governing the Production and Exchange of Confidential Information (Ex. A, the "Protective Order").

2.      In Smart Comm's prior bankruptcy case, the Court adopted the Protective Order after the parties agreed to the same.  (Case No. 24-07106, Doc. 159).

3.      The parties to the Protective Order include the Trust, the Debtors, Jonathan Logan, Loco Florida, LLC, Janice Logan, and Alexis Logan.

4.      The Debtors' affiliates, Smart Communications Yacht Holding ("SCYH") and Smart Communications Holding LLC ("Smart DE"), operated under the Protective Order to the extent that they kept any document separate and apart from the Debtors' own documents.

5.      By order entered on December 2, 2024, the State Court made Jon Logan's solely owned HLFIP Holding, LLC a party to the Protective Order.  (Ex. B).

6.      At all times relevant, the Debtors, Jonathan Logan, Loco Florida, LLC, SCYH, and Smart DE were represented by the same counsel.

7.      The Trust has asked the Debtors whether they will assent to this motion, but they have failed to respond as of the date of this filing.

8.      The Debtor's monthly operating reports remain heavily redacted such that no reviewer could tell where the Debtors' funds are going.  For example, every single payee is redacted in Smart Collier's operating report filed on February 26, 2026.  Doc. 134 at 40-41, 73-103.

9.      To date, the Debtors have refused to provide the Trust with unredacted versions of their monthly operating reports with attachments without a protective order in place.

10.     Thus, the Trust respectfully requests that this Court adopt the Protective Order as to the parties already bound by the same.

11.     To the extent that they keep their records separate from those of the Debtors, the Trust also respectfully requests that the Court make SCYH and Smart DE parties to the Protective Order.  The Trust understands that Jon Logan, HLFIP, SCYH, and Smart DE all share the same counsel in this bankruptcy.

**WHEREFORE**, the Trust respectfully requests that this Court grant this Motion adopting the Protective Order as to the parties already bound by it, add SCYH and Smart DE as parties to the same, and grant further relief as it deems just.

DATED:  June 15, 2026.

/s/ Edward J. Peterson
Edward J. Peterson
Florida Bar No. 0014612
BERGER SINGERMAN LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
813.498.3400
epeterson@bergersingerman.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Motion for Adoption of Protective Order* was served on June 15, 2026, by the Court's CM/ECF system upon all parties registered to receive electronic noticing as noted below:

John A Anthony on behalf of Creditor Melvin Engelke
janthony@anthonyandpartners.com,
efilings@anthonyandpartners.com;cfosdick@anthonyandpartners.com;eleith@anthonyandpartners.com

Brad F. Barrios on behalf of Debtor Smart Communications Holding, Inc.
bbarrios@tcb-law.com

Paul J Battista on behalf of Debtor Smart Communications Holding, Inc.
pjbattista@venable.com,
cascavone@venable.com;IMalcolm@venable.com;jnunez@venable.com;hburke@venable.com

Eyal Berger on behalf of Debtor Smart Communications Holding, Inc.
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Teresa Marie Dorr on behalf of U.S. Trustee United States Trustee - TPA
teresa.dorr@usdoj.gov,
brandy.gasaway@usdoj.gov;Dionne.Rumper@usdoj.gov;Juanita.Diaz@usdoj.gov

James W Elliott on behalf of Creditor Timothy W. Webb
james@mcintyrefirm.com, rmaldonado@mcintyrefirm.com

Michael J. Harwin on behalf of Debtor Smart Communications Holding, Inc.
mharwin@stearnsweaver.com

3

Eric D Jacobs on behalf of Debtor Smart Communications Holding, Inc.
edjacobs@venable.com, btraina@venable.com;b mtraina@venable.com;
bmtraina@ecf.courtdrive.com;ipmalcolm@venable.com;tmpetrie@venable.com;imalcolm@ecf.
courtdrive.com;brhand@venable.com

Anne Krache on behalf of Creditor Janice Logan
akrache@shb.com, anne-krache-9629@ecf.pacerpro.com;rdevaney@shb.com

John W Landkammer on behalf of Creditor Melvin Engelke
jlandkammer@anthonyandpartners.com,
efilings@anthonyandpartners.com,crodriguez@anthonyandpartners.com

Marc L. Levine on behalf of Creditor Janice Logan
mlevine@bergersingerman.com

Anthony P. Marzocca on behalf of Creditor Florida Custom Mold, Inc.
amarzocca@trenam.com,
amarzocca@ecf.courtdrive.com;cminott@trenam.com;amatos@ecf.courtdrive.com;mmosbach@
trenam.com;mmosbach@ecf.courtdrive.com;cminott@ecf.courtdrive.com

Megan Wilson Murray on behalf of Creditor Swank Motion Pictures, Inc.
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@underwoo
dmurray.com;vburbano@underwoodmurray.com;jpatterson@underwoodmurray.com

Peter Francis O'Neill on behalf of Creditor Janice Logan
pfoneill@shb.com

Todd Ruskamp on behalf of Creditor Janice Logan
truskamp@shb.com, tpistora@shb.com;todd-ruskamp-9657@ecf.pacerpro.com

R Scott Shuker on behalf of Interested Party Jon Logan
rshuker@shukerdorris.com,
mfranklin@shukerdorris.com;lstricker@shukerdorris.com;mdorris@shukerdorris.com;atillman
@shukerdorris.com;wtownsend@shukerdorris.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Kimberly A Walsh on behalf of Creditor Texas Comptroller of Public Accounts, Revenue
Accounting Division
bk-kwalsh@oag.texas.gov, sherri.Simpson@oag.texas.gov

/s/ Edward J. Peterson
Edward J. Peterson

4

EXHIBIT A

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA

JONATHAN LOGAN and SMART
COMMUNICATIONS HOLDING, INC.,

           Plaintiffs,

v.

JANICE LOGAN, individually, as Trustee of the James
Logan Family Trust, dated February 10, 2021, and as
Personal Representative of the ESTATE OF JAMES
LOGAN, JUSTIN PETERSON, and ALEXIS LOGAN,

           Defendants.

Case No. 2023-CA-1002-NC

_____/

JANICE LOGAN, as Trustee of the James Logan
Family Trust, dated February 10, 2021,

           Counterclaim Plaintiff,

v.

JONATHAN D. LOGAN, SMART
COMMUNICATIONS HOLDING, INC., SMART
COMMUNICATIONS HOLDING, LLC, and HLFIP
HOLDING, LLC,

           Counterclaim Defendants.

_____/

JANICE LOGAN, as Trustee of the James Logan
Family Trust, dated February 10, 2021, and derivatively
on behalf of Smart Communications Holding, Inc.,

           Plaintiff,

v.

JONATHAN D. LOGAN, SMART
COMMUNICATIONS HOLDING, INC., nominal
defendant, SMART COMMUNICATIONS HOLDING,
LLC, HLFIP HOLDING, LLC,
LOCO FLORIDA LLC, and SMART
COMMUNICATIONS YACHT HOLDING, LLC,

           Defendants.

(CONSOLIDATED)

Case No.: 2023-CA-1280-NC

_____/

**ORDER ON JANICE LOGAN'S AMENDED MOTION TO COMPEL DISCOVERY FROM SMART COMMUNICATIONS HOLDING, INC./LLC AND HLFIP HOLDING, LLC**

This cause came before the Court on Janice Logan's ("Janice") Amended Motion to Compel Discovery from Smart Communications Holding, Inc./LLC ("SmartComm") and HLFIP Holding, LLC ("HLFIP"), DIN 832 (the "Motion"), SmartComm's Response in Opposition (DIN 853), and HLFIP's Response in Opposition (DIN 851), and the Court having heard argument of counsel, having reviewed the court file and being otherwise fully advised it is Ordered and Adjudged as follows:

1. The Court defers ruling on Janice's Amended Motion to Compel as to SmartComm (specifically as to certain 2024 financials) unless and until the issue becomes ripe following the Court's Phase II decision regarding valuation date.

2. The Court grants the Motion to Compel as to HLFIP.

   a. HLFIP is made a party to the Confidentiality Order entered in this case at DIN 362, and the Confidentiality Order's provisions shall apply to all discovery responses and documents produced by HLFIP.

   b. HLFIP is ordered to produce documents responsive to Janice's First Requests for Production to HLFIP by December 2, 2024.

DONE AND ORDERED in Sarasota County, Florida.

e-Signed 12/2/2024 7:24 AM 2023 CA 001002 NC

_____
Honorable Hunter W. Carroll
Circuit Judge

EXHIBIT B

ORDERED.

**Dated:  February 11, 2025**

_____

Roberta A. Colton
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

SMART COMMUNICATIONS
HOLDING, INC.,

SMART COMMUNICATIONS
HOLDING, LLC.,

Debtors.

_____/

Chapter 11, Subchapter V
Case No. 8:24-bk-07106-RCT

_Jointly Administered with_
Case No. 8:24-bk-07108-RCT

<u>**ORDER ADOPTING PROTECTIVE ORDER AND SEALING COURT RECORDS**</u>

**THIS CASE** came before the Court on the agreement between Smart Communications Holding, Inc. and Smart Communications Holding, LLC (together, the "<u>Debtors</u>"), on the one hand, and Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 ("Ms. Logan"), on the other hand.  The Court, being advised of the parties' agreement, finds good cause to grant the relief requested, as set forth herein.  Accordingly, it is

**ORDERED AND ADJUDGED**:

1.      On or about October 23, 2023, the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Probate Division, entered a _Stipulated Order Governing the_

*Production and Exchange of Confidential Information* (the "<u>Protective Order</u>"), a copy of which is attached to this Order as ***Exhibit 1***.

2.     The Protective Order is adopted by this Court in all respects.

3.     All exhibits to Ms. Logan's Proof of Claim No. 11 in Case No. 8:24-bk-07106, her Proof of Claim No. 1 in Case No. 8:24-bk-07108, and her Proofs of Interest (Docs. 155 & 156) shall be sealed and shall not be made available to anyone, except according to the Protective Order. The Clerk's Office is directed to denote the exhibits to the proofs of claim and the proofs of interest as being filed and sealed under the "sealed paper" docket event, viewable only by Ms. Logan, the Debtors, and the parties listed in Local Rule 5005-4(e).

4.     The terms and conditions of this Order and the Protective Order shall be immediately effective and enforceable upon its entry.

5.     The Debtors are hereby authorized and empowered to take all such actions necessary to implement the relief granted in this Order and the Protective Order.

6.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Attorney John Dicks is directed to serve a copy of this Order on all interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

# EXHIBIT 1

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA
## PROBATE DIVISION

| | |
|---|---|
| JONATHAN LOGAN and SMART COMMUNICATIONS HOLDING, INC.   ) <br> ) <br> Plaintiffs,   ) <br> ) <br> v.   ) <br> ) <br> JANICE LOGAN, individually and as Trustee of the ) <br> James Logan Family Trust; and ALEXIS LOGAN,   ) <br> ) <br> Defendants.   ) | Case No. 2023-CA-1002-NC <br><br> (CONSOLIDATED) |
| JANICE LOGAN, as Trustee of the James Logan ) <br> Family Trust, dated February 10, 2021, and directly ) <br> and derivatively on behalf of Smart Communications ) <br> Holding, Inc., and derivatively on behalf of Loco ) <br> Florida, LLC,   ) <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> JONATHAN LOGAN,   ) <br> SMART COMMUNICATIONS HOLDING, INC., ) <br> nominal defendant, and LOCO FLORIDA, LLC, ) <br> nominal defendant,   ) <br> ) <br> Defendants.   ) | Case No.: 2023-CA-1280-NC <br><br> **Jury Demanded:** <br> **Counts II, III, IV, and V** |

## STIPULATED ORDER GOVERNING THE
## PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This Stipulated Order Governing the Production and Exchange of Confidential Information

("Confidentiality Stipulation") is entered into by and between the parties in the above-captioned

consolidated actions, Jonathan Logan, Smart Communications Holding, Inc., Loco Florida LLC,

Janice Logan, individually and as Trustee of the James Logan Family Trust dated February 10,

2021, and Alexis Logan (the "Action"), by and through their respective undersigned counsel, and

shall govern the designation and handling of Confidential Information.

1

1. <u>PURPOSES AND LIMITATIONS</u>

This Confidentiality Stipulation is to facilitate discovery without discovery disputes; expedite the flow of discovery materials; to preserve the confidentiality of trade secrets, confidential research, development information, financial information, commercial information, or personnel files; and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, and as permitted by law. Disclosure and discovery activity in of the Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted.

The Parties acknowledge that this Confidentiality Stipulation does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are designated and entitled to confidential treatment under applicable law.

2. <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>:  Party that challenges the designation of information or items under this Confidentiality Stipulation.

2.2     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that contain sensitive and non-public development, financial or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Florida Rules of Civil Procedure or other applicable law.

2.3     <u>Counsel</u>:  Outside Counsel of Record (as well as their support staff).

2.4     <u>Deposition Testimony</u>:  Deposition testimony may be designated Confidential Information on the record at the deposition.  The party making the designation shall

2

be responsible for assuring that those portions of the deposition transcript and exhibits designated as "Confidential" are *separately* bound by the court reporter. A Producing Party which discovers after a deposition that Confidential Information was inadvertently disclosed during a deposition reserves the right to designate as "Confidential" such portions of the deposition transcript and exhibits are the Producing Party deems appropriate within ten (10) days after the receipt of such transcript. Thereafter, the Receiving Party agrees to assure that such disclosed Confidential Information shall receive the protection intended by this Confidentiality Stipulation.

2.5    Designating Party: Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, offered for inspection, or generated in disclosures or responses to discovery in or related to the Action.

2.7    Documents: All documents, memos, reports, studies, investigations, emails, correspondence, and all other written or tangible things, whether produced in whole or in part.

2.8    Expert or Consultant: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in or related to the Action.

2.9    In-House Counsel: Litigation attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3

2.10    Interrogatory Answers:    Interrogatory answers containing Protected Material shall be set forth separately and the Receiving Party shall ensure that such Protected Material receives the protection afforded by this Confidentiality Stipulation.

2.11    Non-Party:    Any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action, which is not a subsidiary entity of a party to the Action.    Non-Parties **do not** include:    Smart Communications Collier, Inc., Smart Communications West, Inc., Smart Communications Pasco, Inc., and Smart Communications West, Inc. whose stock is held by Smart Communications Holding, Inc.

2.12    Outside Counsel of Record:    Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.13    Party:    Any party to this Action, including all officers, directors, agents, subsidiaries, and employees of a Party or such designated representative of a Party.

2.14    Producing Party:    Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    Professional Vendors:    Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Privacy Information:    Any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual

4

known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal or state laws, regardless of whether such information has been designated as "CONFIDENTIAL" (collectively "Privacy Information"). Privacy Information may be redacted.

2.17 Protected Material: Information that has been designated "CONFIDENTIAL."

2.18 <u>Receiving Party</u>: Party or Parties that receive Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Confidentiality Stipulation cover Protected Material produced in discovery in the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material (excluding any attorney work product); and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Confidentiality Stipulation do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality Stipulation; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Confidentiality Stipulation shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action. This Court will retain jurisdiction to enforce the terms of this Confidentiality Stipulation following the Final Disposition of the Action.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Confidentiality Stipulation must take reasonable care to limit any such designation to specific material that qualifies for protection under this Confidentiality Stipulation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Confidentiality Stipulation or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Confidentiality Stipulation must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Confidentiality Stipulation requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material or, in the case of native file production, in conformity with this Confidentiality Stipulation.

6

(b)    Before producing documents for inspection, the producing Party or Non-Party should affix the appropriate designations so that efficient inspection and copying may occur for testimony given in deposition a party may request, while on the record, that a certain section of deposition be treated as CONFIDENTIAL.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL".

(c)    for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If corrected within a reasonable period after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Confidentiality Stipulation for such material.  Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Confidentiality Stipulation.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. If a Receiving Party disputes a designation, it must challenge the designation within a reasonable period after receipt of Protected Materials from the Producing Party.

6.2    Meet and Confer.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each

7

designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Stipulation. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person, by telephone, or via video meeting) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3    Judicial Intervention with Respect to Confidentiality Designations. If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection within twenty-one (21) days of the Designating Party's response described in paragraph 6.2 above.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for

8

prosecuting, defending, or attempting to settle the Action, or as provided by law. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Confidentiality Stipulation. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Stipulation. The recipient of any Protected Material that is provided under this Confidentiality Stipulation shall maintain such information in a reasonably secure and safe manner that ensures access is limited to the persons authorized herein, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as the recipient would use with respect to its own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in Section 15 below.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by a court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party or Parties (*i.e.*, Janice Logan, Alexis Logan, Jonathan Logan or Smart Communications Holding, Inc.);

(b)     the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom it is reasonably necessary to disclose the information for purposes of the Action;

(c)     the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(d)　　Experts and consultants (as defined in this Confidentiality Stipulation), professional jury or trial consultants, mock jurors, and Professional Vendors (including litigation support vendors) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)　　the Court, its personnel, and the jury in this case ("at trial"), pursuant to the terms of this Order or as deemed by the Court;

(f)　　court reporters and their staff to whom disclosure is made in connection with the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)　　a mediator appointed by the Court or retained by the parties to assist in the resolution of this case;

(h)　　witnesses in this matter who a Party reasonably believes has seen or otherwise had access to the Confidential information;

(i)　　the author or recipient of a document containing the information;

(j)　　any other person to whom the Producing Party, in writing, authorizes disclosure.

7.3　　The designation of financial or accounting records and information to which the Receiving Party has a statutory right outside of the Action as "CONFIDENTIAL" shall not constrain the Receiving Party's statutory rights to inspect, use, or disclose such records and information to the extent permitted by relevant shareholder statutes and law, and as statutorily required to comply with municipal, state, and federal laws and regulations.

10

7.4     In accordance with Section 13.3 below, this Section may not limit or abrogate a party's legal rights of review and disclosure of information to which it is entitled as a matter of law.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" that Party must:

(a)     promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Confidentiality Stipulation and must include a copy of this Confidentiality Stipulation with the notification; and

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11

9.    APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES

9.1    Confidentiality Stipulation Applicable to Non-Parties.    The terms of this Confidentiality Stipulation are applicable to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Confidentiality Stipulation. Nothing herein shall limit such Non-Party from seeking additional protections as may be deemed warranted.

10.    FILING OF PROTECTED MATERIAL

No document marked "CONFIDENTIAL" shall be filed publicly on the Court's electronic filing system.  Any motion filed that includes "CONFIDENTIAL" documents as exhibits shall be filed without the Confidential or Highly Confidential exhibits and shall have all Confidential information redacted from the motion papers.  A courtesy copy of the full motion and all exhibits shall be served on Chambers and all other parties.  The party that marked the documents as Confidential will have fourteen (14) business days from the date it receives a full copy of the motion either to consent to the document being filed on the Court's electronic filing system or to file a motion to seal the confidential documents

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Stipulation, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

12

of all the terms of this Confidentiality Stipulation, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Confidentiality Stipulation shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Confidentiality Stipulation shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Florida Rule of Civil Procedure 1.285(b). Pursuant to Florida Rule of Civil Procedure 1.285(a), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other action provided that within 10 days of actually discovering the inadvertent disclosure, the Producing Party serves written notice of the assertion of privilege on the party to whom the materials were disclosed.

13.   MISCELLANEOUS

13.1   Fla. R. Gen. Prac. & Jud. Admin. 2.420(d)(1)(B)(i)-(xxii).), that automatically classifies certain documents as confidential, is incorporated and made part of this Confidentiality Stipulation.

13.2   Fla. R. Gen. Prac. & Jud. Admin. 2.420(d)(3), that pertains to documents filed under seal, is incorporated and made part of this Confidentiality Stipulation.

13

13.3   Maintenance of Full Legal Rights. This Confidentiality Stipulation does not and cannot limit or expand any party's rights to an extent not permissible under Florida or other applicable law.

13.4   Right to Further Relief and Modification by the Court. Nothing in this Confidentiality Stipulation abridges the right of any person to seek its modification by a court in the future. The Court retains the right to allow disclosure of any subject covered by this Confidentiality Stipulation or to modify this Confidentiality Stipulation at any time in the interest of justice.

13.5   Right to Assert Other Objections. No Party waives through entry of this Confidentiality Stipulation any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Stipulation. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Stipulation.

13.6   Right of a Party to Use Its Own Documents. Nothing in this Confidentiality Stipulation shall affect a Party's use or disclosure of its own documents in any way.

13.7   Right of a Party to Use Independently Obtained Documents. Nothing in this Confidentiality Stipulation shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.   FINAL DISPOSITION

Within 60 days after the Final Disposition of this action, as defined in paragraph 4, each Receiving Party, upon written request, must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all

14

copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and any other materials required to be maintained pursuant to any ethical or retention obligations even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Stipulation as set forth in Section 4.

[THE REST OF THIS PAGE WAS INTENTIONALLY LEFT BLANK]

15

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| /s/ Julie Negovan<br>Julie Negovan<br>Florida Bar No. 121450<br>Griesing Mazzeo Law, LLC<br>6750 N. Andrews Ave., Ste. 200<br>Fort Lauderdale, FL 33309<br>jnegovan@griesingmazzeo.com<br>**Attorneys for Jonathan D. Logan, Smart Communications Holding, Inc., and Loco Florida LLC** | /s/ Bonnie Lee A. Polk<br>Mark A. Schwartz<br>Florida Bar No. 664367<br>Bonnie Lee A. Polk<br>Florida Bar No. 0030678<br>WILLIAMS PARKER<br>200 Orange Ave.<br>Sarasota, FL 34236-6802<br>mschwartz@williamsparker.com<br>bpolk@williamsparker.com<br>**Attorneys for Jonathan D. Logan, Smart Communications Holding, Inc., and Loco Florida LLC** |
| /s/ Charles F. Johnson<br>Charles F. Johnson<br>Florida Bar No. 898937<br>Blalock Walters, P.A.<br>802 11th St. West<br>Bradenton, FL 34205<br>cjohnson@blalockwalters.com<br>eservice@blalockwalters.com<br>**Counsel for Alexis Logan** | /s/ Andrew L. Franklin<br>Anitra R. Clement<br>Florida Bar No. 100354<br>Shook, Hardy & Bacon L.L.P.<br>100 N. Tampa St., Ste. 2900<br>Tampa, FL 33602<br>aclement@shb.com<br><br>David E. Schoenfeld (pro hac vice)<br>Peter F. O'Neill (pro hac vice)<br>Andrew L. Franklin (pro hac vice)<br>Shook, Hardy & Bacon L.L.P.<br>111 S. Wacker Dr., Ste. 4700<br>Chicago, IL 60606<br>dschoenfeld@shb.com<br>pfoneill@shb.com<br>afranklin@shb.com<br>**Attorneys for Janice Logan, individually and as Trustee of the James Logan Family Trust, dated February 10, 2021** |

Dated: October 20, 2023

**APPROVED AND SO ORDERED** this _25_ day of _October_, 2023.

_____
JUDGE [INSERT].

16

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Confidentiality Stipulation that was issued by the **Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, Probate Division, in the consolidated matter captioned Jonathan Logan, et al. v. Janice Logan, individually and as Trustee of the James Logan Family Trust, et al., Case Nos. 2023-CA-1002-NC and 2023-CA-1280-NC.** I agree to comply with and to be bound by all terms of this Confidentiality Stipulation and I understand and acknowledge that failure to so comply could expose me to penalties. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Confidentiality Stipulation to any person or entity except in compliance with the provisions of this Confidentiality Stipulation.

I further agree to submit to the jurisdiction of the State of Florida for the purpose of enforcing the terms of this Confidentiality Stipulation, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____