ORDERED.

**Dated:  June 09, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

Debtors.

_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

**ORDER APPROVING IN PART APPLICATION TO EMPLOY
BAKER & HOSTETLER LLP AS SPECIAL COUNSEL TO THE
DEBTORS-IN-POSSESSION RETROACTIVE TO FEBRUARY 4, 2026**

**THIS MATTER** came before the Court for hearing on May 27, 2026, at 2:00 P.M., upon the (1) *Application to Employ Baker & Hostetler LLP as Special Counsel to the Debtors-in-Possession Retroactive to February 4, 2026* [ECF No. 209] (the "Application") filed by Smart Communications Holding, Inc. and Smart Communications Collier, Inc. (together, the "Debtors"); and (2) *Credit Janice Logan's Response in Opposition to the Debtors' Application to Employ Baker & Hostetler LLP as Special Counsel to the Debtors-in-Possession Retroactive to February 4, 2026* [ECF No. 224] (the "Opposition") filed by Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021 (the "Trust").

The Court, finding that good, adequate and sufficient cause has been shown to justify the

entry of this Order; and the Court having reviewed the Application and the Declaration of Kevin P. Flynn, attached to the Application (the "Flynn Declaration") and the Opposition; and the Court being satisfied based on the representations made in the Application and the Flynn Declaration that (a) Baker & Hostetler does not hold or represent an interest adverse to the Debtors-in-Possession, and (b) Baker & Hostetler is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code; and due and proper notice of the Application having been provided, it is

**ORDERED** that:

1. The Application is APPROVED IN PART on the terms set forth below.

2. The Debtors are authorized to employ and retain Baker & Hostetler LLP as Special Counsel, retroactive to February 4, 2026, pursuant to 11 U.S.C. § 327(e).

3. Baker & Hostetler LLP is authorized to render professional services to the Debtors as described in the Application, except that the authorization is limited insofar as there will be a $25,000.00 cap on allowable compensation, without prejudice to increasing the fee cap or expanding the scope of representation.

4. Baker & Hostetler LLP shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Middle District of Florida and any other applicable procedures and orders of the Court.

5. Should the circumstances warrant, the Debtors may seek to extend the limited authorization by appropriate application.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

* * *

*Eric D. Jacobs, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*