ORDERED.

**Dated: June 23, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

SMART COMMUNICATIONS COLLIER, INC.,

  Debtors.

_____/

**ORDER APPROVING FIRST INTERIM APPLICATION FOR COMPENSATION
TO SHANE VOGT AND VOGT LAW AS SPECIAL LITIGATION COUNSEL
TO THE DEBTORS-IN-POSSESSION AND AFFILIATES OF THE
DEBTORS-IN-POSSESSION IN THE ENGELKE ACTIONS
FOR THE PERIOD DECEMBER 16, 2025 THROUGH APRIL 30, 2026**

THIS CASE came before the Court without a hearing on the *First Interim Application for Compensation to Shane Vogt and Vogt Law as Special Litigation Counsel to the Debtors-In-Possession in the Engelke Actions for the Period December 16, 2026 Through April 30, 2026* [ECF No. 242] (the "Fee Application"). In the Fee Application, Shane Vogt, Esq. and Vogt Law (together, "Vogt") seek an award of fees in the amount of $82,900.00 for services rendered and reimbursement of expenses in the amount of $750.00 in the period December 16, 2025 through April 30, 2026 (the "Application Period").

The Court having, reviewed the Fee Application, noting that it was served upon all interested parties with the Local Rule 2002-4[1] negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service, noted that no party filed a response within the time permitted, and therefore considering the matter to be unopposed, does hereby

**ORDER** as follows:

1.      The Fee Application is APPROVED.

2.      Vogt is awarded: (a) fees in the amount of $82,900.00; and (b) expenses in the amount of $750.00, for the period December 16, 2025 through April 30, 2026, for a total award of $83,650.00 (the "Award").

3.      At this time, the Debtors are authorized and directed to pay Vogt $82,900.00 in fees and $750.00 in expenses, for a total amount of $83,650.00.

4.      In allowing the foregoing fees, the Court has considered the criteria in 11 U.S.C. §§ 330 and 331 and the requirements of Bankruptcy Rule 2016 in light of the principles stated in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546 (1986); *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, (5th Cir. 1977), 544 F.2d. 1291 and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

* * *

*Eric D. Jacobs, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*

---

[1] *See* ECF No. 243.