ORDERED.

Dated:  June 30, 2026

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

        Debtors

_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

**ORDER GRANTING SUPPLEMENTAL APPLICATION TO EMPLOY
EYAL BERGER, ESQ., DUSTIN HILLSLEY, ESQ., AND THE LAW FIRM
OF AKERMAN LLP AS SPECIAL LITIGATION COUNSEL TO THE
DEBTORS-IN-POSSESSION EFFECTIVE AS OF MAY 11, 2026**

**THIS CAUSE** came before the Court for consideration without hearing upon the *Supplemental Application to Employ Eyal Berger, Esq., Dustin Hillsley, Esq., and the Law Firm of Akerman LLP as Special Litigation Counsel to the Debtors-in-Possession Effective as of May 11, 2026* (Doc. 255) (the "Application"). The Application was filed and served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 14 days of the date of service. No party filed a response within the time permitted; therefore, the Court considers the matter to be unopposed.

The Court has reviewed the Application and the Declaration of Eyal Berger, Esq. (Doc. 255 p. 12) (the "Berger Declaration") and is satisfied based on the representations made in the Application and the Berger Declaration that (a) Berger and Akerman do not hold or represent an interest adverse to the Debtors' estate, and (b) Akerman is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(e) of the Bankruptcy Code. Accordingly, it is

**ORDERED**:

1.      The Application (Doc. 255) is **APPROVED** effective as of May 11, 2026.

2.      The Debtors are authorized to employ and retain Eyal Berger, Esq., Dustin Hillsley, Esq., and the Law Firm of Akerman LLP as its Special Litigation Counsel in the Adversary Proceeding[1] and any appeals related thereto, pursuant to 11 U.S.C. § 327(e), in accordance with the terms and conditions set forth in the Application.

3.      Akerman is authorized to render professional services to the Debtors as described in the Application.

4.      Akerman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines established by the Office of the United States Trustee for the Middle District of Florida and any other applicable procedures and orders of the Court.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*Eric D. Jacobs, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.*

---

[1] *Janice Logan v. Loco Florida, LLC, et al.*, Case No. 8:26-ap-00148-RCT.