ORDERED.

**Dated:   July 25, 2026**

_____

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

Debtors.

_____/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

**ORDER APPROVING FIRST INTERIM APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR AKERMAN LLP, AS SPECIAL LITIGATION COUNSEL TO
THE DEBTORS FOR THE PERIOD OF DECEMBER 16, 2025 TO APRIL 30, 2026**

THIS CASE came before the Court for hearing on July 9, 2026, at 10:00 A.M. upon the

(1) *First Interim Application for Allowance and Payment of Compensation and Reimbursement of*

*Expenses for Akerman LLP, as Special Litigation Counsel to the Debtors for the Period December*

*16, 2026 Through April 30, 2026* [ECF No. 248] (the "Application"), and (2) *Creditor Janice*

*Logan's Limited Objection to First Interim Application for Allowance and Reimbursement of*

*Expenses for Akerman, LLP* [ECF No. 266] (the "Objection").

In the Application, Akerman LLP (the "Firm") seeks an award of fees in the amount of

$913,510.00 for services rendered and reimbursement of expenses in the amount of $4,000.35 for

the period December 16, 2025 through April 30, 2026 (the "Application Period"). The Court having reviewed the Application and the Objection, having heard arguments of counsel, and being otherwise advised in the premises finds that cause exists to approve the Application. Therefore, it is

**ORDERED** as follows:

1.      The Application is APPROVED with a 20% holdback on fees.

2.      Any objections are preserved for final fee applications.

3.      The Firm is awarded: (a) 80% of fees in the amount of $730,808.00; and (b) 100% of expenses in the amount of $4,000.35, for the period December 16, 2025 through April 30, 2026, for a total award of $734,808.35 (the "Award"). The 20% holdback on fees amounts to $182,702.00 (the "Holdback").

4.      At this time, the Debtors are authorized and directed to pay Akerman, LLP $730,808 in fees and $4,000.35 in expenses, for a total amount of $734,808.35.

5.      The Firm is directed to limit future redactions to only time entries involving attorney-client privilege and work product privileged matters. Any services performed by the Firm for any party other than a Smart Communications affiliates entity must be unredacted and disclosed.

6.      In allowing the foregoing fees, the Court has considered the criteria in 11 U.S.C. §§ 330 and 331 and the requirements of Bankruptcy Rule 2016 in light of the principles stated in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546 (1986); *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, (5th

Cir. 1977), 544 F.2d. 1291 and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.

1974).

* * *

*Eric D. Jacobs, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*