UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC.,

SMART COMMUNICATIONS COLLIER, INC.,

Debtors
_______________________________________/

Chapter 11
Case No. 8:25-bk-09473-RCT

*Jointly Administered with*
Case No. 8:26-bk-00146-RCT

**OBJECTION TO DEBTORS' SECOND MOTION PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE FOR AN EXTENSION OF THE EXCLUSIVE PERIOD TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT AND OBTAIN ACCEPTANCES THEREOF**

Janice Logan, as Trustee of the James Logan Family Trust dated February 10, 2021 (the "Trust"), submits this objection (the "Objection"), to the *Debtors' Second Motion Pursuant to Section 1121(d) of the Bankruptcy Code for an Extension of the Exclusive Period to File a Plan of Reorganization and to Solicit and Obtain Acceptances Thereof* (Doc. No. 325) (the "Motion"). In support of this Objection, the Trustee states:

**Preliminary Statement**

Despite self-serving statements to the contrary in the Motion, the Debtors have made no meaningful progress toward confirming a Chapter 11 plan. Instead, the Debtors state that they have taken significant steps to advance their Chapter 11 *cases*, listing retention of professionals, filing schedules and Statement of Financial Affairs, attending the 341 meeting, filing monthly operating reports, and paying required fees. Motion, ¶ 18. None of these things reflect progress toward *confirming a Chapter 11 plan*. Because any such plan would likely be premised on insider settlements and transactions that would improperly seek to relitigate, reverse or otherwise undo orders, judgments, and/or rulings made by the State Court in the State Court Litigation, this Court

should deny the Motion. Alternatively, and considering that their exclusivity period expired on August 6, 2026, at most, the Court should grant a short extension of the exclusivity period of 30 days so that this case may carry on in a meaningful way.

**Memorandum of Law**

Section 1121(d) of the Bankruptcy Code governs the extension of the exclusive periods to file a plan and solicit acceptances thereof based on a showing of "cause." *See* 11 U.S.C. § 1121(d). The term "cause" is undefined. The Debtors cite the following factors to be considered: (i) the size and complexity of the debtor's case; (ii) the fact that the debtor is paying its debts as they come due; (iii) the existence of good faith progress toward reorganization; (iv) the existence of an unresolved contingency; and (v) a finding that the debtor is not seeking to extend exclusivity to pressure creditors to acceded to the debtor's reorganization demands. Motion, ¶ 34.

The Debtors claim their cases are "complex," citing to the State Court Litigation involving the Trust and defending a bad faith motion to dismiss. *Id.,* ¶ 36. The State Court Litigation is being managed for the Debtors by special counsel. Defending a motion to dismiss based on bad faith grounds does not render these cases complex. Applicable bad faith caselaw from the Eleventh Circuit is well-settled. Taking time and incurring fees to defend a motion to dismiss do not make these cases complex. Debtors next point to potential tax claims based on their and HLFIP, Inc.'s tax reporting obligations. *Id.,* ¶ 37. Dealing with tax-related issues is standard fare in Chapter 11 cases.

Debtors next contend that they have made good faith progress towards a reorganization. Motion at 14-15. They point to retention of the CRO to "evaluat[e] restructuring alternatives," Motion, ¶ 39, but provide no detail regarding the evaluation or how it is leading, or will lead, to a successful restructuring. Debtors next claim they are "actively working to implement critical

operational initiatives necessary to stabilize the business and support plan formulation," citing the insider-based motions, first to set lease payments with Jonathan Logan's Loco Florida, LLC, and second to fix his salary (at $850,000 per annum). Motion, ¶ 40. Fixing rent to pay to a company owned by the Debtors' control person and fixing his salary hardly reflect progress toward a confirmable plan. Finally, Debtors point to negotiations with the Trust and Mr. Engelke, Motion, ¶ 41; as discussed below, nothing has come of Debtors' discussions with the Trust, and they provide no detail as to the results of their discussions with Mr. Engelke.

Janice is by far the largest creditor. The Debtors have made no progress in negotiating any resolution with Janice. The only thing that has happened in this case is the accrual of millions of dollars in administrative expenses and negotiations for the benefit of insiders.

Debtors state that an extension will not prejudice creditors, pointing to their 3-month requested extension which will advance many of the "Next Phase Proceedings" which will provide greater clarity as to claims which will help with the background section of a Chapter 11 plan. Motion, ¶¶ 43-44; *see also id.,* ¶¶ 47-49. Three months is admittedly modest, but it must be considered in the larger context that these Chapter 11 cases have been pending for 7 months already, thus bringing the exclusive period to file a plan to 10 months. And being able to provide a good "background" for a plan does not make it likely that the Debtors will be able to file a confirmable plan within the requested extended exclusive period. In addition, this is the Debtors' second bankruptcy case and, in all, they have had almost two years to come up with a confirmable plan. The Debtors have delayed paying Janice her claims for almost five years through tireless litigation. Janice is prejudiced by further delay.

Finally, Debtors contend that, other than rent to Loco Florida, LLC, they are paying their post-petition obligations as they become due. Motion, ¶ 45. Assuming the correctness of this statement, this factor cuts in favor of the Debtors.[1]

Beyond the factors the Debtors identify, courts also consider (i) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (ii) whether the debtor has made progress negotiating with creditors; and (iii) the length of time the case has been pending. *See, e.g., In re Service Merch. Co.,* 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000). These additional factors cut against an extension of exclusivity. The Debtors have not demonstrated any prospects, let alone "reasonable prospects," for filing a viable Chapter 11 plan. Regarding negotiations, the Debtors cite two (2) discussions with the Trust (which produced no results, hence the filing of this Response and a renewed motion to dismiss on bad faith filing grounds), and discussions with counsel for Mr. Engelke regarding resolution of his proofs of claims and proofs of interests (though fail to identify the results of those discussions). Motion, ¶ 41. Finally, this case has been pending for approximately 7 months—the Debtors recite the time in days, 200, Motion, ¶ 47—with no progress toward confirming a Chapter 11 plan.

**<u>Conclusion</u>**

Based on the foregoing, the Court should deny the Motion. Alternatively, it should extend deadlines by no more than 30 days so that this case may progress without further delay.

[1] While not part of the Basis for Relief Requested part of the Motion, Debtors note that the Martha Wright-Reed Act (as defined) has resulted in regulatory changes and significantly reduced rates that can be charged. Motion, ¶ 25. The Debtors state that this reduced pricing went into effect in April 2026, and they need time to incorporate the impact of this reduced pricing on their financial projections they would incorporate into a plan. *Id.* As of the filing of this Response, the Debtors have now had 3 ½ months to see and understand the reduced income resulting from the statute's adoption. They should not need another 3 months to be able to incorporate this reduced income into any financial projections that might be included in a plan.

DATED: August 11, 2026.

Respectfully submitted,

*/s/ Edward J. Peterson*
Edward J. Peterson
Florida Bar No. 0014612
BERGER SINGERMAN LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602
813.498.3400
epeterson@bergersingerman.com
*Attorneys for Janice Logan, as Trustee of the James Logan Family Trust, dated February 10, 2021*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Objection to Debtors' Second Motion Pursuant to Section 1121(D) of the Bankruptcy Code for an Extension of the Exclusive Period to File a Plan of Reorganization and to Solicit and Obtain Acceptances Thereof* was served on August 18, 2026, by the Court's CM/ECF system upon all parties registered to receive electronic noticing as noted below:

John A Anthony on behalf of Creditor Melvin Engelke
janthony@anthonyandpartners.com,
efilings@anthonyandpartners.com;cfosdick@anthonyandpartners.com;eleith@anthonyandpartners.com

Brad F. Barrios on behalf of Debtor Smart Communications Holding, Inc.
bbarrios@tcb-law.com

Paul J Battista on behalf of Debtor Smart Communications Holding, Inc.
pjbattista@venable.com,
cascavone@venable.com;IMalcolm@venable.com;jnunez@venable.com;hburke@venable.com

Eyal Berger on behalf of Debtor Smart Communications Holding, Inc.
eyal.berger@akerman.com, jeanette.martinezgoldberg@akerman.com

Teresa Marie Dorr on behalf of U.S. Trustee United States Trustee - TPA
teresa.dorr@usdoj.gov,
brandy.gasaway@usdoj.gov;Dionne.Rumper@usdoj.gov;Juanita.Diaz@usdoj.gov

James W Elliott on behalf of Creditor Timothy W. Webb
james@mcintyrefirm.com, rmaldonado@mcintyrefirm.com

Michael J. Harwin on behalf of Debtor Smart Communications Holding, Inc.
mharwin@stearnsweaver.com

Eric D Jacobs on behalf of Debtor Smart Communications Holding, Inc.
edjacobs@venable.com, btraina@venable.com;b mtraina@venable.com;
bmtraina@ecf.courtdrive.com;ipmalcolm@venable.com;tmpetrie@venable.com;imalcolm@ecf.
courtdrive.com;brhand@venable.com

Anne Krache on behalf of Creditor Janice Logan
akrache@shb.com, anne-krache-9629@ecf.pacerpro.com;rdevaney@shb.com

John W Landkammer on behalf of Creditor Melvin Engelke
jlandkammer@anthonyandpartners.com,
efilings@anthonyandpartners.com,crodriguez@anthonyandpartners.com

Marc L. Levine on behalf of Creditor Janice Logan
mlevine@bergersingerman.com

Anthony P. Marzocca on behalf of Creditor Florida Custom Mold, Inc.
amarzocca@trenam.com,
amarzocca@ecf.courtdrive.com;cminott@trenam.com;amatos@ecf.courtdrive.com;mmosbach@
trenam.com;mmosbach@ecf.courtdrive.com;cminott@ecf.courtdrive.com

Megan Wilson Murray on behalf of Creditor Swank Motion Pictures, Inc.
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@underwoo
dmurray.com;vburbano@underwoodmurray.com;jpatterson@underwoodmurray.com

Peter Francis O'Neill on behalf of Creditor Janice Logan
pfoneill@shb.com

Todd Ruskamp on behalf of Creditor Janice Logan
truskamp@shb.com, tpistora@shb.com;todd-ruskamp-9657@ecf.pacerpro.com

R Scott Shuker on behalf of Interested Party Jon Logan
rshuker@shukerdorris.com,
mfranklin@shukerdorris.com;lstricker@shukerdorris.com;mdorris@shukerdorris.com;atillman
@shukerdorris.com;wtownsend@shukerdorris.com

United States Trustee - TPA
USTPRegion21.TP.ECF@USDOJ.GOV

Kimberly A Walsh on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-kwalsh@oag.texas.gov, sherri.Simpson@oag.texas.gov

*/s/ Edward J. Peterson*
Edward J. Peterson

Label Matrix for local noticing
113A-8
Case 8:25-bk-09473-RCT
Middle District of Florida
Tampa
Tue Aug 18 11:12:24 EDT 2026

Akerman LLP
P.O. Box 4906
Orlando, FL 32802-4906

April D. Nieto, Admin. & PR of the
Estate of Hailey Briana Nieto
c/o Sean K. Claggett, Esq.
4101 Meadows Lane, #100
Las Vegas, NV 89107-3121

Assets America, Inc.
800 5th Avenue #101
Seattle, WA 98104-3102

Baker Hostetler LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

Bartko Pavia
1100 Sansome Street
San Francisco, CA 94111-1205

CML Security
1785 West 160th Avenue
Suite 700
Broomfield, CO 80023-8981

CML Security, LLC
1785 W. 160th Avenue
Suite 700
Broomfield, CO 80023-8981

Cents LLC
663 Buckskin Road
Dayton, NV 89403-6410

Charles Talbert
Riverside - 810247
8151 State Road
Philadelphia, PA 19136-2910

Charles Talbert, QA-4727
SCI Fayette
P.O. Box 33028
St. Petersburg, FL 33733-8028

Compliance Solutions, Inc.
242 Rangeline Road
Longwood, FL 32750-4035

County of Fairfax
Dept of Tax Administration
PO Box 10203
Fairfax, VA 22035-0203

CypherWorx, Inc.
3400 Monroe Avenue
Suite 119
Rochester, NY 14618-4725

Doreen M. Lindahl and Timothy W. Webb
C/O James W. Elliott, Esq.
1228 E. 7th Avenue, Suite 100,
Tampa, FL 33605-3510

Florida Custom Mold Inc.
c/o Anthony P. Marzocca, Esq.
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, Florida 33602-5150

Florida Custom Mold, Inc.
1806 Gunn Hwy
Odessa, FL 33556-3524

Interstate Welding
1939 Sherwood Street
Clearwater, FL 33765-1932

JAM Communications LLC
107 Clarendon Place
Hendersonville, TN 37075-5252

Janice Logan, as Trustee of the James Logan
c/o Marc L. Levine
BERGER SINGERMAN LLP
111 N. Magnolia Avenue, Suite 1450
Orlando, FL 32801-2376

Jerome Anderson
814 1st Street N.
Apt 305
Jacksonville Beach, FL 32250-7154

Jon Logan
c/o R. Scott Shuker Esq.,
121 South Orange Avenue, Suite 1120
Orlando, Florida 32801-3238

McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101-1288

Melvin Trey Engelke
c/o John W. Landkammer, Esq.
Anthony & Partners, PLLC
100 S. Ashley Dr., Suite 1600
Tampa, FL 33602-5318

Melvin Trey Engelke
c/o John A. Anthony, Esq.
Anthony & Partners, PLLC
100 S. Ashley Dr., Suite 1600
Tampa, FL 33602-5318

ShenZhen Meridian Technology Co. Ltd.
Room 2809, West Building, Qui Shi Bldg.
Zhu Zi Ling, Fu Tian District
Shenzhen, CHINA 51804

ShenZhen Meridian Technology Co. Ltd.
c/o Estone
2900 Carskaddon Ave. #200
Toledo, OH 43606-1600

Stearns Weaver Miller
150 W. Flagler Street, Suite 2200
Miami, FL 33130-1545

Swank Motion Pictures, Inc.
c/o Megan Murray, Esq.
Underwood Murray, P.A.
100 N Tampa Street, Suite 2325
Tampa, Florida 33602-5891

Swank Motion Pictures, Inc.
10795 Watson Road
Saint Louis, MO 63127-1012

| | | |
|---|---|---|
| VLEX - Fastcase, Inc.<br>729 15th Street NW<br>Suite 500<br>Washington, DC 20005-2129 | End of Label Matrix<br>Mailable recipients<br>Bypassed recipients<br>Total | <br>30<br>0<br>30 |

Label Matrix for local noticing
113A-8
Case 8:26-bk-00146-RCT
Middle District of Florida
Tampa
Tue Aug 18 11:15:43 EDT 2026

Akerman LLP
P.O. Box 4906
Orlando, FL 32802-4906

April D. Nieto, Admin. & PR of the
Estate of Hailey Briana Nieto
c/o Sean K. Claggett, Esq.
4101 Meadows Lane, #100
Las Vegas, NV 89107-3121

Assets America, Inc.
800 5th Avenue #101
Seattle, WA 98104-3102

Baker Hostetler LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074

Bartko Pavia
1100 Sansome Street
San Francisco, CA 94111-1205

CML Security
1785 West 160th Avenue
Suite 700
Broomfield, CO 80023-8981

Cents LLC
663 Buckskin Road
Dayton, NV 89403-6410

Charles Talbert, QA-4727
SCI Fayette
P.O. Box 33028
St. Petersburg, FL 33733-8028

Compliance Solutions, Inc.
242 Rangeline Road
Longwood, FL 32750-4035

County of Fairfax
Dept of Tax Administration
PO Box 10203
Fairfax, VA 22035-0203

CypherWorx, Inc.
3400 Monroe Avenue
Suite 119
Rochester, NY 14618-4725

Florida Custom Mold, Inc
c/o Anthony P. Marzocca, Esq.
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, Florida 33602-5150

Florida Custom Mold, Inc.
1806 Gunn Hwy
Odessa, FL 33556-3524

Interstate Welding
1939 Sherwood Street
Clearwater, FL 33765-1932

JAM Communications LLC
107 Clarendon Place
Hendersonville, TN 37075-5252

Janice Logan, as Trustee of the James Logan
c/o Edward J. Peterson, Esq.
Berger Singerman LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, FL 33602-5147

Jerome Anderson
814 1st Street N.
Apt 305
Jacksonville Beach, FL 32250-7154

Jon Logan
c/o R. Scott Shuker, Esq.
121 S Orange Ave, Suite 1120
Orlando FL 32801-3238

McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101-1288

ShenZhen Meridian Technology Co. Ltd.
Room 2809, West Building, Qui Shi Bldg.
Zhu Zi Ling, Fu Tian District
Shenzhen, CHINA 51804

Stearns Weaver Miller
150 W. Flagler Street, Suite 2200
Miami, FL 33130-1545

VLEX - Fastcase, Inc.
729 15th Street NW
Suite 500
Washington, DC 20005-2129

End of Label Matrix
Mailable recipients 22
Bypassed recipients 0
Total 22