ORDERED.

**Dated: November 12, 2026**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

SMART COMMUNICATIONS HOLDING, INC., — Chapter 11, Case No. 8:25-bk-09473-RCT

SMART COMMUNICATIONS COLLIER, INC., — *Jointly Administered with* Case No. 8:26-bk-00146-RCT

Debtors.
_______________________________________/

SMART COMMUNICATIONS HOLDING, INC., — Case No. 8:25-bk-09473-RCT

Applicable Debtor.
_______________________________________/

**ORDER APPROVING SECOND INTERIM APPLICATION FOR COMPENSATION TO BARTKO PAVIA LLP AS SPECIAL LITIGATION COUNSEL TO CUSTOMER OF THE DEBTOR FOR THE PERIOD MAY 1, 2026 THROUGH SEPTEMBER 22, 2026**

THIS CASE came before the Court without a hearing on the *Second Interim Application for Compensation to Bartko Pavia LLP as Special Litigation Counsel to Customer of the Debtor for the Period May 1, 2026 Through September 22, 2026* [ECF No. 388] (the "Fee Application"). In the Fee Application, Bartko Pavia LLP ("Bartko") seeks an award of fees in the amount of $323,485.00 for services rendered and reimbursement of expenses in the amount of $13,535.54 in the period May 1, 2026 through September 22, 2026 (the "Application Period").

The Court having, reviewed the Fee Application, noting that notice of the Fee Application was served upon all interested parties with the Local Rule 2002-4[1] negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service, noted that no party filed a response within the time permitted, and therefore considering the matter to be unopposed, does hereby

**ORDER** as follows:

1. The Fee Application is APPROVED.

2. Bartko is awarded: (a) fees in the amount of $323,485.00; and (b) expenses in the amount of $13,535.54, for the period May 1, 2026 through September 22, 2026, for a total award of $337,020.54 (the "Award").

3. At this time, the Debtors are authorized and directed to pay Bartko $323,485.00 in fees and $13,535.54 in expenses, for a total amount of $337,020.54.

4. In allowing the foregoing fees, the Court has considered the criteria in 11 U.S.C. §§ 330 and 331 and the requirements of Bankruptcy Rule 2016 in light of the principles stated in *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Pennsylvania v. Delaware Valley Citizen's Council for Clean Air*, 478 U.S. 546 (1986); *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); each of the factors that govern the reasonableness of fees as set forth in *Matter of First Colonial Corp. of America*, (5th Cir. 1977), 544 F.2d. 1291 and *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974).

5. All interim fees and costs authorized to be paid are subject to this Courts final review under 11 U.S.C. § 330 and potential disgorgement.

[1] *See* ECF No. 389.

*Eric D. Jacobs, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.*